Sed per cur.

If the matter was to end in a special verdict, we should think the testimony idle and irrelevant. But if the jury are to determine the issues, surely it must be laid before them to assist them in ascertaining, whether these articles belonged to the plaintiff or not. With us the testimony has no weight.
An administration account exhibited into the register’s office at Lancaster on the 16th January 1801, and there settled, was offered in evidence, and excepted to by the plaintiff.
The court asked the counsel, if exclusive of the latent *ambiguity in the will, with respect to the words “Tuscarora es“tate,” one of the issues was not fully accounted, and whether the defendants were not entitled to go into an account merely on that issue ?
The account was received in evidence.
It appeared in evidence, that the balance in the hands for the executors, on the settlement of that account, for payment of debts, &c. amounted to 1398l. 15s. 3d.; and that there had been two late recoveries against them in the last Circuit Court, at Lancaster of about 430l. The testator claimed in his life time two small houses, and a lot of ground in Lancaster; but on a trial at Nisi Prius after his death, it was determined, that he held them *in trust, and that they were only chargeable with the sum of 430l. or thereabouts, due to his executors. [*190
Fourteen witnesses were examined as to the value of the Tuscarora lands, at the time of the testator’s making his will in 1796, one half payable in hand, and the other half in three years, and they differed greatly in their estimates. Some thought them not worth ioool. ; others that it was their full price ; others that they would readily have commanded that sum ; and some others rating them from nool. to 1800I. But all the witnesses agreed, *190 that they were of superior value to the plaintiff, than any other person, from the circumstance of his owning the adjoining tract of land. He himself acknowledged, after the death of his brother, that he had a good bargain, of them at ioool.
The plaintiff did accept the Tuscarora estate, and gave bonds agreeably to the terms of the will; but at the same time insisted on his being entitled to all the personal property there.
After the cause had been fully argued by Messrs. ’Duncan and Watts, for the plaintiff, and Messrs. Hamilton and Walker, for the defendant, the charge of the court was given to the following effect:
The intention of the testator must govern the construction of his will, and it must be collected from his own words. His true mind must be our guide ; and we are not to judge from events, let the case be ever so hard, or injurious to any particular devisee.
It is obvious, that the will has been drawn incorrectly. It has been contended, that the testator must have contemplated a bounty to his brother Thomas, by his devise to him of the Tuscarora estate, at ioool., and that he has the same pretensions to the personalty in Mifflin county, which the widow has to the personalty at Lancaster; both being given by the same term estate ; and that having made no provision for the sale of his stock, farming utensils, store goods, &c., unless in the event of his brother’s refusal of his-offer at ioool. he must necessarily have intended, that the personalty should not be sold, if the offer was accepted; and of course, that it was included in the devise.
Every sentence and word in the will must be considered, in forming our judgment upon it.
It does not appear, that the testator had any personal property at Lancaster, except the few necessaries, which he carried with him on his journey. The two houses to which he conceived himself entitled there, must have been the objects contemplated in the expressions, my property in Lancaster, and that part of *my estate. A variety of cases have occurred on the *191] legal meaning of the word “estate,” in a devise. It will certainly pass a fee in a will, without words of inheritance. Skin. 194. 3 Mod. 45, 228. 6 Mod. 110. 8 Mod. 255. 1 Wils. 333. Cowp. 301. 3 Burr. 1618. 4 Mod. 89. 1 Salk. 236. 1 Mod. 100. Comy. 340. Lofft. 95, 96, 100. 4 Term Rep. 93. 2 Vern. 564. Talb. Cas. 157, 184. 3 Wms. 297. Gilb. Rep. 284. 2 Atky. 102, 38. Doug. 730. 1 Dall. 226. It will carry every thing, unless restrained, or tied down by particular expressions. 1 Term Rep. 411. 2 Term Rep. 656. 5 Burr. 2639. It is gemís generalissimum.
It is natural to suppose, that the testator used the word estate, in the same sense, when applied to the property either in Lancaster or Tuscarora. The estate at the latter place is devised *191 to his brother Thomas, if he will take it at ioool. If he should refuse this offer, the executors are to proceed to sale. The testator guards against the event of his brother declining the preemption, at the stipulated price. He must therefore be supposed to have entertained doubts, whether Thomas would accept it; and to have fixed a sum something like the reasonable value of the lands. Indeed he holds up a strong apprehension, that Thomas would not take the lands ; because in the close of his will, he directs, “if his wife chooses to remain on the farm, she “ had his approbation, reserving to herself two of the best milch “cows,” which were part of his stock. It would be passing strange, to presume him to have any suspicions of his brother’s declining to take the whole property, real and personal, in Mif-flin county, at ioool. when the personalty alone exceeded 2100I. and the lands were more valuable to Thomas than any other person ! And yet this absurdity necessarily arises from the plaintiff’s construction!
Nothing can be inferred from the power given to the executors to sell the stock, farming utensils, store goods, &c. in the single case of Thomas’s refusal, to take the lands. The executors, as such, had the undoubted right of disposing of the personal property, not specifically bequeathed.
A strong argument may be deduced from the circumstance of there being no express devise to the plaintiff, except the 200I. which he had given to' his niece Priscilla, in case she died in her minority. He had bequeathed the like sum to his nephew William, and his small silver watch. But excepting this contingent 200I., he devised no legacy whatever to either of his brothers. Under the plaintiff’s construction, can it be accounted for with any consistency, that the testator meant, in the event of his brother Thomas accepting the offer of the Tuscarora estate at ioool. he should sweep away the,great bulk of the whole *property; and yet if he refused the terms, he should [*192 take nothing whatever ?
The testator gave to his widow all the residue of that part of his estate, deducting the legacies. This cannot mean of the limited price only of ioool., because it is not so expressed. The residue of the money arising from the Lancaster estate, he had before devised to her. Must it not then necessarily refer to the personalty in Mifflin county and the sales of the land there, either to his brother or a stranger ? Does it not exclude the idea, that Thomas should take the personalty with the realty at ioool. He draws a distinction between his estate in Tuscarora, and his stock, farming utensils, store goods, &c. Under the former words his lands are described; under the latter his moveable property.
For these reasons, the court judging ex visceribus testamentó, are clearly of opinion, that the testator did not intend to include his personalty in Mifflin county, in his devise of his Tuscarora *192 estate to his brother Thomas; and consequently, that the executors are not bound to account with the plaintiff therefor.
Cited in 10 Watts 182 in support of the proposition that the intention of a testator is to be ascertained by the words of his will all taken together. Cited for the same purpose in 2 Pa. 431; 78 Pa. 42.
Cited in 108 Pa. 137 to show that the word “estate” in a will is broad enough to carry everything, unless restrained by particular expressions.
Verdict for the defendants.

Ambiguitas verborum latens verificatione suppletur; nam quod ex facto oritur ambiguum, verificatione facti tollitur. But the ambiguitas patens is never holpen by any averment. Lord Bacon’s Elem. reg. 23. Vol. 2, 371, reg. 25, (4to ed.)