## Dice *against* Sheffer.

"My wife E. shall have all what I have, both real and moveable property, in her possession, to do and act as she thinks good and proper; all shall be let in her power, that is into the hands of my wife." *Held* to create an estate in fee in the lands of which the testator died seised.

ERROR to the Common Pleas of *York* county.

Esther Sheffer against George Dice and Andrew Dice. This cause involved the interpretation of the will of Jacob Sheffer, deceased; the question being, whether it created an estate for life or in fee in the plaintiff.

"In the name of God, amen. I, Jacob Sheffer, of York township, York county, concluded to make my will and testament while I have my good knowledge and understanding, thanks be to God for it. It is my will after my death my beloved wife Ester shall have all what I have, both real and moveable property, in her possession, to do and act as she thinks good and proper, all shall be let in her power, that is, into the hands of my beloved wife Ester; this is my will and testament. It is also my will after my death my body to be *burried* in christian manner, where I shall rest till the morning of the *resserection* in hopes of being for ever at rest with my family if God will. I commit my soul in the hands of my God, and my family, amen. I sign my name to this as my last will and testament, this 19th day of June 1829."

The court below (Durkee, President) was of opinion that the will created an estate in fee in the devisee.

*Hambly,* for plaintiff in error, cited 6 *Binn.* 94; 12 *Serg. & Rawle* 54; 6 *Serg. & Rawle* 456; *Cowp.* 352.

*Fisher,* for defendant in error.

PER CURIAM.—Since this Court allowed the words "all debts, dues, and demands, real, personal and mixed," to pass real estate where used in a deed, as it did in *M'Williams* v. *Martin,* (12 *Serg. & Rawle* 269), it may well allow the words "all what I have, both real and moveable property," to do as much when used in a will. They include all interests, whether realty or chattels; and are as extensive in their signification as the words "all my estate," which have been held equivalent to words of limitation in fee, when they were not used to individuate the property. The cases in respect to the last, are numerous as well as trite, and it is not worth our

while to recur to any of them in particular, as the intention in this instance is too manifest to be mistaken. *Loveacres* v. *Blight*, (*Cowp.* 352), is nearer to the present case; and there the words " my lands and messuages freely by them to be possessed and enjoyed," were held to pass a fee. We are of opinion, therefore, that the plaintiff had power to convey, and that the construction put upon the will in the court below, is the true one.

Judgment affirmed.