CONVERSE, Executor, Respondent, v. BYARS et al.,
Appellants.

(No. 8,184.)

(Submitted June 12, 1941.   Decided September 16, 1941.)

[118 Pac. (2d) 144.]

*Messrs. Toomey, McFarland & Chapman,* for Appellants above named, submitted an original and a reply brief; *Mr. John W. Chapman* argued the cause orally.

*Mr. Lew L. Callawoy,* for Respondent executor, submitted a brief and argued the cause orally.

*Mr. Myles J. Thomas* and *Mr. James P. Boyd,* the latter of the Bar of Paris, Missouri, for Respondents Clara Martien and Eugene Groves Martien, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is a proceeding to obtain a declaratory judgment construing the will of Charles H. Martien, deceased, made in 1927, devising and bequeathing both real and personal property. Paragraph third of the will provided that in the event the wife of the testator, Anna B. Martien, survived him, all property (except cash in the sum of $500 and jewelry, clothing, furniture and personal mementoes) should be held in trust for her care, support and treatment. Five hundred dollars cash was bequeathed in trust, the income from which was to be used for the care and upkeep of the graves of testator's parents. Paragraph fifth of the will provided:

"I hereby give and bequeath unto my niece, Mrs. W. E. Byars, of Mexico, Missouri, unto my nephew, Charles H. Martien, of Paris, Missouri, and unto my nephew Gilbert B. Martien, of Santa Ana, California, share and share alike, my jewelry,

clothing, furniture and personal mementoes to be sold or divided by them as they may agree.'' Paragraph six provides: ''In the event my beloved wife, Anna B. Martien, shall not survive me, and in the event upon and after her death and with it the termination of the Trust established by Paragraph three hereof, I will as follows:

'' (a) I hereby give and bequeath unto the Shriners' Hospital for Crippled Children, the sum of $1,000.00, as a memorial to my brother, Thomas C. Martien.

'' (b) All the rest, residue and remainder of my said estate I hereby give and bequeath unto my niece Mrs. W. E. Byars, of Mexico, Missouri, in her own right, unto my nephew, Charles H. Martien, of Paris, Missouri, in his own right, and unto my nephew, Gilbert B. Martien, of Santa Ana, California, in trust for the education and cultivation of his daughter, Dorothy Martien, until she shall become thirty years of age when she shall inherit the principal, share and share alike, or the survivors or survivor of said persons.''

Anna B. Martien died before the death of testator. Likewise Charles H. Martien, of Paris, Missouri, died before the testator and left a wife, Clara Martien, and an adopted son, Eugene Groves Martien. The controversy here is whether the share bequeathed to Charles H. Martien, of Paris, Missouri, should go to Clara Martien and Eugene Groves Martien, or either of them, or whether it should go to Mrs. Byars and Gilbert B. Martien individually and as trustee for Dorothy Martien. The question involved brings up for consideration sections 7042 and 7012, Revised Codes.

Section 7042 is as follows: ''If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to him fails, unless an intention appears to substitute some other in his place, except as provided in section 7012.''

Section 7012 provides: ''When any estate is devised to any child, or other relation of the testator, and the devisee dies before the testator, leaving lineal descendants, such descendants take the estate so given by the will, in the same manner as the devisee would have done had he survived the testator.''

It appears from the will in question here that the testator, so far as the residue of the estate is concerned under paragraph six of the will, intended to substitute some other person in the place of the devisee or legatee dying during the lifetime of the testator, and hence that the case as to the residue covered by paragraph six of the will comes within the terms of section 7042, supra. In other words, the testator manifested an intention to substitute some other person in place of the named legatees and devisees in case they predeceased him. Such being the case, section 7012 has no application, even assuming that either the widow or adopted son constitutes a lineal descendant, for the lineal descendants under section 7012 cannot take when to do so necessitates an overriding of the testator's intention. (*In re Todd's Estate*, (Cal. App.) 99 Pac. (2d) 690.) The clause "except as provided in section 7012" appearing in section 7042 modifies the word "fails." When the testator exercises the power of substitution it controls not only as to personal property, but as to real property also by virtue of section 7042.

The question before us, then, is to determine whom the testator intended should be substituted as legatees or devisees by the sixth paragraph of the will. The trial court found that he intended to substitute the legal heirs of the deceased legatee or devisee or, in this case, Clara Martien and Eugene Groves Martien; whereas appellants contend that his intention was to substitute Mrs. Byars and Gilbert B. Martien, as trustee for Dorothy Martien. Appellants' contention must be sustained. Paragraph six bequeaths the residue of the estate to Mrs. Byars, Charles H. Martien and to Gilbert B. Martien in trust for the education of his daughter, Dorothy Martien, until she shall become thirty years of age, when she should have the principal, "share and share alike, or the survivors or survivor of said persons."

The difficulty here is to determine the meaning of the phrase "survivors or survivor of said persons." We are not without precedents as an aid in the solution of the question before us. The courts are not in complete harmony on the subject. While there are slight differences in the language interpreted in the

several cases, some of them treat of language so similar to that before us that we believe they are persuasive here.

In *Synder* v. *Synder*, 182 App. Div. 65, 169 N. Y. Supp. 396, 398, the court had before it a will giving the residue to named devisees and legatees and to "the survivor or survivors of them," in tenths parts. The court held that the phrase "survivor or survivors of them" meant the survivors of the persons named and not the personal representatives of those who had died. That case is not of particular help here because there were other provisions of the will which aided the court in reaching the conclusion it did. The same construction was given to an identical provision in *Abbott* v. *Williams,* 268 Mass. 275, 167 N. E. 357.

In the case of *In re Todd's Estate,* supra, the will provided: "Paragraph Fifth: I hereby give, devise and bequeath all of my estate, whether the same be real, personal or mixed, and of whatsoever kind or character, and wheresoever the same may be situated, of which I may die seized or possessed, equally, share and share alike, to my said wife, Inez Todd, and my said son, Addison Todd, or to the survivor of them." In disapproving of the rule announced in the *Schneller Case,* infra, and in holding that the estate passed to the named legatee surviving, the court said:

"I agree with the argument of counsel for Inez Todd that the words 'or the survivor of them' found in the will would be practically meaningless if they were not held to evidence a clear intention of the testator that if either Inez Todd or Addison Todd died before the testator and the other survived the testator such survivor should take the entire gift. Such is clearly the effect of the greater weight of authority. The several cases cited by counsel support his position in this regard. The language employed in *Galloupe* v. *Blake,* 248 Mass. 196, 142 N. E. 818, 819, was almost identical with that in the case at bar. The will provided 'To my cousins, Mrs. Sadie Holland and Wellington Frothingham, of said Brooklyn, children of Abraham R. Frothingham, in equal shares, or the survivor of them, I give the sum of five thousand ($5,000) dollars.' In construing the

will the court said: 'The words "or the survivor of them" are meaningless unless she intended that the survivor [of them] should take the whole amount.'

"In our own state a strong indication of how the Supreme Court would construe the will in question is given in the language of [In re] Estate of Hittell, 141 Cal. 432, at page 436, 75 Pac. 53, 54. There the testator failed to anticipate changed conditions and made no provision for the event of the death during his lifetime of one of two named devisees, which, so said the court, 'he could easily have done if he so desired, by giving the property to them, or to the survivor of them.'

"The guardian relies strongly upon the Illinois case of Schneller v. Schneller, 356 Ill. 89, 190 N. E. 121, 92 A. L. R. 838. If this case did not appear to me to be contrary to the views of the principal text writer, to the principles enunciated in the California cases above cited and the statutes in this state, and to the weight of authority as collected even in the annotations following the reported case itself in 92 A. L. R. commencing at page 846, it would be somewhat persuasive, though it seems to me to strain a point to uphold the statute of descents against the plain language of the will, under which the cardinal rule of construction should prevail. Its weight as authority is considerably shaken by the strong dissent of two Justices and the qualified approval of the Chief Justice. * * * It is accordingly held that the intent of the testator was that if either Addison or Inez Todd died before he did the one of such beneficiaries who outlived the other should take the entire gift; that such words of survivorship expressed a clear intention of substitution and that hence the latter portion of section 92 of the Probate Code (formerly section 1310 of the Civil Code) does not apply." This holding was affirmed by the supreme court of California. (109 Pac. (2d) 913.)

As pointed out in the opinion in the Todd Case, supra, the case of Schneller v. Schneller, 356 Ill. 89, 190 N. E. 121, 92 A. L. R. 838, which was by a divided court, takes the opposite view.

Respondents' counsel cite the case of *In re Barr's Estate*, 2 Pa. 428, 45 Am. Dec. 608, as sustaining the opposite view. There the will provided: "And further, it is my will that the residue of my property shall be equally divided among my brothers and sisters, which I shall hereinafter mention, or their survivors." By the use of the word "their" it is plain that the testator intended to make the bequest to the survivors of any deceased legatee. Here it seems to us that the testator intended to make the bequest to such of the three named persons as survived him.

It is our view that under paragraph sixth of the will the testator intended that the survivor or survivors of the three named persons should take the entire residue, or, in other words, that it should go to Mrs. Byars individually and to Gilbert B. Martien in trust. As to the property passing by paragraph fifth of the will, the testator did not evince any intention to make a substitution under section 7042. Paragraph fifth makes a specific bequest to the three persons there named. It was not conditioned upon the survival of the testator's wife any more so than the bequest of $500 in trust for the upkeep of the graves of testator's parents. Under section 7042 the bequest by paragraph fifth of the will to Charles H. Martien failed, since he died before the testator. As to that one-third the legacy lapsed. It is well settled that the residuary clause in a will covers all lapsed legacies. (69 C. J. 1072.)

Section 7012 does not affect the fifth paragraph of the will because this court has held that the section applies only to real estate. (*In re Fratt's Estate*, 60 Mont. 526, 199 Pac. 711; *In re Estate of Hash*, 64 Mont. 118, 208 Pac. 605.) We are asked to overrule the *Fratt Case* as unsound. Were the question presented to us for the first time, we might have reached a different conclusion from that announced in the *Fratt* and *Hash Cases*. The Fratt decision was rendered in 1921. The legislature ever since then has acquiesced in the construction of the statute there proclaimed, and we think we should not now construe it differently. If any change is desired

it should come from the legislature, particularly as applied to wills made after the *Fratt* decision.

The bequest to Charles H. Martien under paragraph fifth of the will should pass under the residuary clause of the will. The court directed that the share given to him under paragraph fifth should be distributed under paragraph sixth of the will to Clara Martien and Eugene Groves Martien in equal shares. In this the court erred. It should be distributed as the other property covered by the residuary clause, viz., to Mrs. W. E. Byars individually and to Gilbert H. Martien as trustee.

The judgment appealed from should be modified in accordance with the views herein stated, and as thus modified will stand affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANDERSON and ERICKSON concur.

MR. JUSTICE MORRIS:

I dissent. In my opinion the construction that the supreme court of Illinois gave to a statute of that state, similar to our section 7042, in the case of *Schneller* v. *Schneller*, referred to by the majority, is more in accord with natural justice than the conclusions reached by the majority.

The rule is practically universal that the construction of a will must be arrived at from the will itself, extrinsic evidence being inadmissible.

Rehearing denied November 5, 1941.