DOMESTIC AND FOREIGN MISSIONARY SOCIETY OF THE PROTESTANT EPISCOPAL CHURCH *vs.* ANNA PELL, Executrix.

Testamentary gifts prompted by the personal regard of the testator for the legatees were given by a will made while the following statute was in force :

" Whenever any child, grand child, or other person, having a devise or bequest of real or. personal estate, shall die before the testator, leaving a lineal descendant, such descendant shall take the estate, real or personal, as devisee or legatee, in the same way and manner as such devisee or legatee would have done in case he had survived the testator."

The legatees died before the testator, but left lineal descendants.

*Held*, that the statute should be interpreted to supplement not to defeat the testator's intention.

*Held*, further, that the will must be presumed to have been made in view of the statute.

*Held*, further, that the statute applied to the legacies unless it appeared from the will that the testator's intent was not to allow the legacies to go to the descendants under the statute.

ASSUMPSIT. On demurrer to plea.

*Newport, March* 19, 1884. DURFEE, C. J. The question here arises thus : The late Alexander G. Mercer, by Section III. of his

last will,[1] gave, among other gifts, the sum of $1,000 to the Rev. Dr. H. A. Boardman, and the sum of $500 to William Rushton, Jr. By Section XI. of his will he appointed the plaintiff and another corporation residuary legatee " so that," to use the lan-, guage of the will, " in case any of my preceding gifts, specially my gifts to public purposes, should fail (for any reason now unimaginable to me), my property shall surely go, in such event, to the work of establishing the knowledge and following of Jesus Christ among our American people." Boardman and Rushton predeceased the testator, leaving lineal descendants. Our statute, Pub. Stat. R. I. cap. 182, § 14, provides that " whenever any child, grand child, or other person, having a devise or bequest of real or personal estate, shall die before the testator, leaving a lineal descendant, such descendant shall take the estate, real or personal, as devisee or legatee, in the same way and manner as such devisee or legatee would have done in case he had survived the testator." The same provision was in force when the will was made. Rev. Stat. R. I. cap. 154, § 12. Under this provision the descendants of Boardman and Rushton claim the legacies. The plaintiff, on the other hand, claims them under Section XI. of the will. The argument in support of the latter claim is, that the will contains expressions from which it is apparent that the legacies in question were prompted simply by the personal regard which the testator cherished for the legatees, and were intended by him as purely personal gifts, and that it is therefore more consonant with the will to hold that they " failed," within the meaning of Section XI., when the legatees died, than to hold that they passed to the descendants of the legatees under the statute. We agree with the plaintiff that the statute was intended, not to defeat the will, but to supplement it, and that it ought not to control, if it be inconsistent with the will to have it control. *Daboll & Johnson, Administrators,* v. *Field et als.* 9 R. I. 266. We also agree with the plaintiff that the will contains expressions from which it may be inferred that the legacies were prompted by the personal regard which the testator had for the legatees. But still we cannot adopt the conclusion which is drawn. We think it must be presumed

---

[1] This will is printed at length, *ante,* pp. 414–418.

that the testator made the will in view of the statute, and that he intended to have the statute prevail unless the contrary appears. The burden of showing the contrary is on the plaintiff, and we do not think the burden is lifted when it is made to appear that the legacies were prompted by personal regard. The fact that legacies are prompted by a personal regard for the legatees is not at all inconsistent with an intent to have them go to the descendants of the legatees in case the legatees themselves die before the testator. The plaintiff must go further and make it appear that the legacies were not only prompted by personal regard, but that they were, as he claims, intended to be purely personal gifts, *i. e.* that they were intended not to go to the descendants of the legatees under the statute. We do not think the expressions in the will, on which the plaintiff relies, meet this requirement. The demurrer is over-ruled.                              *Judgment for defendant for costs.*

*Francis B. Peckham*, for plaintiff.
*Samuel R. Honey*, for defendant.