CONRAD J. PIRRUNG *et al.*

*v.*

CONRAD F. PIRRUNG *et al.*

*Opinion filed June 19, 1907—Rehearing denied October 9, 1907.*

1. WILLS—*survivorship clause construed as referring to death of devisee after death of testator.* Where a will creates a life estate for the widow, after which the property shall descend in equal parts to the testator's two sons, (naming them,) and in case either of the sons shall not survive the wife the survivor shall take all, the survivorship clause refers to the death of such sons after the death of the testator, and not before.

2. SAME—*when children of deceased son take under section 11 of Statute of Descent.* Where a will creates a life estate in the widow, at the termination of which the property shall descend to the testator's two sons, (naming them,) or in case either of them dies before the widow the survivor shall take all, but makes no provision for the contingency of the death of the sons before the testator's death, if one of the sons dies during the lifetime of the testator the children of such son take his share, under section 11 of the Statute of Descent.

3. SAME—*purpose of section 11 of Statute of Descent is to prevent lapses.* The purpose of section 11 of the Statute of Descent is to prevent lapses where a devisee or legatee, being a child or grandchild of the testator, dies before the testator, leaving issue, and no provision is made for such contingency in the will.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

ROBERT E. BERLET, and ROSENTHAL & HAMILL, (LESSING ROSENTHAL, of counsel,) for plaintiffs in error.

RUBENS, FISCHER & MOSSER, for defendants in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Conrad J. Pirrung and his wife, Carrie Pirrung, filed a bill for partition in the superior court of Cook county seeking partition of certain real estate which was formerly

owned by Conrad Pirrung, the grandfather of Conrad J. Pirrung. Conrad F. Pirrung and others were made defendants and they appeared and demurred to the bill. The demurrer was sustained by the court and the bill dismissed for want of equity. This writ of error is prosecuted from the decree dismissing the bill.

Conrad Pirrung, who was the father of defendant in error Conrad F. Pirrung and the grandfather of plaintiff in error Conrad J. Pirrung, died December 3, 1903, leaving a last will and testament, dated June 23, 1875. At the time the will was executed the testator's wife and two sons, Jacob and Conrad F. Pirrung, were living. Jacob Pirrung, father of plaintiff in error Conrad J. Pirrung, died May 14, 1903, six months and nineteen days before the testator died. At the time of his death he left surviving him his widow, Mary Pirrung, and a son, plaintiff in error Conrad J. Pirrung. Elizabeth Pirrung, widow of the testator, died December 17, 1905. To repeat, in order to avoid confusion, the name Conrad Pirrung was borne by three persons who appear in this record, namely, Conrad Pirrung, the testator, who was the original owner of the real estate in question; Conrad F. Pirrung, who is described as Conrad Pirrung, Jr., in the will, a son of Conrad Pirrung, the testator; and plaintiff in error Conrad J. Pirrung, the son of Jacob Pirrung, deceased, who is also a grandson of the testator and a nephew of Conrad F. Pirrung.

The provision of the will of Conrad Pirrung upon which the rights of the parties depend is as follows:

"*Third*—I give and bequeath to her, my said wife, Elizabeth, in lieu of dower, all my real estate of every name and nature, wherever situate, to have and to hold the same for her sole support during her natural life, after which it shall descend in equal portions to my sons, Jacob Pirrung and Conrad Pirrung, Jr., to be theirs forever, and in case either of said sons shall not survive my said wife, Elizabeth, then the survivor to take all."

Plaintiffs in error's contention, as stated in their brief, is as follows: "That the widow, Elizabeth Pirrung, was given a life estate in all the testator's real estate, with a vested remainder in an undivided one-half in each of testator's two sons, Jacob Pirrung and Conrad Pirrung, subject, however, to the following executory devise, namely: that in case either of the sons should die *after* the death of the testator and during the lifetime of the widow, Elizabeth Pirrung, then such deceased son's share should accrue to the survivor. In other words, that the construction to be put upon the clause of the will, 'in case either of said sons shall not survive my said wife, Elizabeth, then the survivor to take all,' refers to the death of either of said sons *after* the death of the testator and during the lifetime of Elizabeth, and that the period of survivorship relates to that time and is not to be determined as of any time prior to the death of the testator."

The contention of defendants in error, as stated in their brief, is as follows: "Defendants in error respectfully contend that by the third clause of the will the testator's two sons, Jacob Pirrung and Conrad J. Pirrung, were given merely a contingent remainder in the property devised,— not a vested remainder, as is assumed by counsel for plaintiffs in error. Further, the words 'descend' and 'survive,' used by the testator in this section of his will, are not necessarily used in their technical sense, and that, reading the whole clause together, the meaning of the testator clearly is to give to such of his sons as may survive his wife, Elizabeth, the property devised. Further, therefore, since one of the testator's sons, namely, the defendant in error Conrad F. Pirrung, survived his mother, the testator's widow, Elizabeth, there would have been no lapse, at common law, as to any portion of the property devised by the will, and that, there being no lapse at common law, there was no property undevised which could be seized on by section 11 of our Statute of Descent and transferred to plain-

tiffs in error by virtue of that statute; that the statute does not operate to vary the plain terms of the will, nor to confer upon the son of Jacob Pirrung any greater estate than his father, Jacob, could have taken under the terms of the will had he survived the testator."

It will be seen by reference to the foregoing statement of the respective contentions that the whole controversy turns on the construction of the third paragraph of the will of Conrad Pirrung. The will in question was made June 23, 1875,—more than twenty-eight and one-half years before testator's death. The testator was then forty-five years old and he was about seventy-three when he died. When the will was executed, his two sons, Conrad F. and Jacob, were mere boys, aged ten and twelve years, respectively. When the testator provided a life estate for his wife and after that estate expired the estate to descend to his two sons in equal portions, to be theirs forever, and added the provision, *"and in case either of said sons shall not survive my said wife, Elizabeth, then the survivor to take all,"* did the testator mean that in case either of his said sons died before the testator the survivor should take the whole, or did he only refer to and contemplate a death after the testator's death and during the lifetime of the widow? Manifestly, he referred to a death that might occur after, and not before, his death. During the life of the testator the estate was in him. The will was under his control, and he had the right to destroy it or modify its terms in any respect he desired. The will only takes effect from the death of the testator. When Jacob Pirrung died the testator was still living. What interest did Jacob have at the time of his death to survive to his brother? Clearly none. This is only another way of saying that the devise to Jacob Pirrung lapsed, under the rules of the common law, by reason of his death during the lifetime of the testator. A lapse in a devise occurs where the devisee dies before the testator. (Bouvier's Law Dict.) A devise always lapses, at common

law, where the devisee dies during the life of the testator. An exception is made where the devise is made to a class and a member of the class dies before the testator, leaving other members of the class qualified to take; but this exception, in view of our statute, does not exist in this State where the member of the class is a child or grandchild of the testator and dies before the testator, leaving a child or children. In such case the share of the deceased member of the class passes to his child or children. (*Rudolph* v. *Rudolph,* 207 Ill. 266.) The devise in this case was not to a class, but to the two sons by name. Since, as we have sought 'to show, the death of the sons referred to in the will was a death after the death of the testator, there is no provision in the will for the contingency of a death during the life of the testator.

Section 11 of our Statute of Descent (Hurd's Stat. 1905, p. 765,) reads as follows: "Whenever a devisee or legatee in any last will and testament, being a child or grandchild of the testator, shall die before such testator, and no provision shall be made for such contingency, the issue, if any there be, of such devisee or legatee, shall take the estate devised or bequeathed as the devisee or legatee would have done had he survived the testator, and if there be no such issue at the time of the death of such testator, the estate disposed of by such devise or legacy shall be considered and treated in all respects as intestate estate." This statute was passed to prevent lapses where a devisee, being a child or grandchild of the testator, dies before the testator, leaving issue, and no provision is made for such contingency in the will. The survivorship clause in the will before us contemplates a death after the will takes effect by the death of the testator, hence there is no provision for the contingency of death in the lifetime of the testator, and the statute applies. In the case of *Frail* v. *Carstairs,* 187 Ill. 310, it was held that where a devise was made to three of the testator's children, and it was provided that in case either should die

unmarried his share should go to the survivors, and one of the devisees died in the lifetime of the testator, leaving no issue, the devise to such deceased child lapsed and such share was intestate estate. That case decides the principle that must control in this case. Similar statutes in other States have been applied to clauses of wills not unlike the one in question. *Pimel* v. *Betjemann,* 183 N. Y. 194; *Woolley* v. *Paxson,* 46 Ohio St. 307; 24 N. E. Rep. 599; *Larwill's Exrs.* v. *Ewing,* (Ohio) 76 N. E. Rep. 503; *Moore* v. *Dimond,* 5 R. I. 121; *Jamison* v. *Hay,* 46 Mo. 546.

Conrad J. Pirrung is the owner of an undivided half of the premises in question and is entitled to a partition.

The superior court of Cook county erred in dismissing the bill, for which the decree is reversed and the cause remanded to that court with directions to overrule the demurrer and for further proceedings not inconsistent with this opinion.                    *Reversed and remanded.*