JOHN BURLET, Admr. *et al.* Appellants, *vs.* ELIZABETH BURLET, Appellee.

*Opinion filed October 28, 1910.*

1. WILLS—*rule in determining time to which survivorship refers.* Where a gift to survivors is preceded by a life estate or other prior interest the gift takes effect in favor of those, and those only, who survive the period of distribution, unless a special contrary intent is found in the will. (*Hempstead* v. *Dickson,* 20 Ill. 194, disapproved.)

2. SAME—*effect where a testator does not provide for contingency of prior death of devisee.* Where a testator fails to make provision for the contingency of his surviving a devisee, section 11 of the Statute of Descent applies if the deceased devisee is a child or grandchild of the testator, and the devise is governed by the provisions of such section.

3. SAME—*what is not making provision for the contingency of death of devisee.* A devise of a life estate to the son of the testatrix with remainder at his death "unto my beloved children, share and share, or the survivor or survivors of them, and their heirs," does not make provision for the contingency of the death of any such children before the testatrix, as the words "and their heirs" are merely used as words of limitation to characterize the estate devised, and not to restrict the devise to those children, only, who survived the testatrix. (*Grimmer* v. *Friederich,* 164 Ill. 245, distinguished.)

CARTWRIGHT and DUNN, JJ., dissenting.

APPEAL from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

STEVENS, MILLER & ELLIOTT, (FRANK T. MILLER, of counsel,) for appellants.

CHARLES A. KIMMEL, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

On September 14, 1895, Frank Burlet, Sr., being the owner of lots 4 and 5 in block 2 and lot 6 in block 11, in Berrian's addition to the city of Peoria, conveyed the same

to Anna Burlet, his wife. Lot 6 was the homestead of Frank and Anna Burlet and the wife did not join in the conveyance. On June 3, 1900, Anna Burlet made a will. At that time she had living five children, viz., John, Mary, Anna, Peter and Frank, Jr. Frank, Jr., died December 1, 1908, leaving surviving him as his only child and only heir, his daughter, Elizabeth. Anna Burlet died testate on December 15, 1908, leaving as her last will and testament the instrument executed by her on June 3, 1900. Her husband, the four remaining children and the grandchild, Elizabeth, survived her. By the first clause of her will she directed that all her just debts and funeral expenses be paid, and the second and last clause is as follows: "After the payment of such funeral expenses and debts, I give, devise and bequeath unto my beloved husband, Frank Burlet, any and all real estate, personal estate and mixed property, of whatsoever kind or character, for and during his natural life, and all that remains at his death I give, devise and bequeath unto my beloved children, share and share, or the survivor or survivors of them, and their heirs." Frank Burlet, Sr., died intestate June 5, 1909, leaving the said four children and the grandchild, Elizabeth, surviving him as his only heirs-at-law. Thereafter the daughter Anna conveyed her interest in said real estate to her sister Mary and her brother John. After the death of Frank Burlet, Sr., the children, John, Mary and Peter, and John as the administrator with the will annexed of the estate of Anna Burlet, filed their bill for partition in the circuit court of Peoria county, making the grandchild, Elizabeth Burlet, a party defendant. The bill set up the facts already stated and prayed for a division and partition of the premises according to the respective rights and interests of the parties. A guardian *ad litem* was appointed for the minor defendant, Elizabeth, and the cause was referred to the master in chancery to take the proof and report his conclusions of law and fact. The master found that there was no provi-

sion made in the will of Anna Burlet for the contingency of the death of Frank Burlet, Jr., prior to the death of the testatrix, and that therefore Elizabeth, as the only child of Frank Burlet, Jr., is entitled, under section 11 of the Statute of Descent, to take the same share in the premises which her father would have taken as one of the devisees had he survived the testatrix, and that the interests of the parties in the premises were as follows: John and Mary each the three-tenths part, and Peter and the grandchild, Elizabeth, each the one-fifth part. The complainants objected and excepted to the report of the master, but the chancellor overruled the exceptions and entered a decree of partition in accordance with the findings of the master, from which decree the complainants in the bill have appealed to this court.

The only question for consideration here is the proper construction to be given to the second clause of the will of Anna Burlet. If, as a proper construction of this clause, it be found that the testatrix made no provision for the contingency of the death of her son Frank before her death, then section 11 of "An act in regard to the descent of property," approved April 9, 1872, will govern. That section is as follows: "Whenever a devisee or legatee in any last will and testament, being a child or grandchild of the testator, shall die before such testator, and no provision shall be made for such contingency, the issue, if any there be, of such devisee or legatee, shall take the estate devised or bequeathed as the devisee or legatee would have done had he survived the testator, and if there be no such issue at the time of the death of such testator, the estate disposed of by such devise or legacy shall be considered and treated in all respects as intestate estate."

The point in dispute between the parties is narrowed down to the construction to be placed upon the words, "or the survivor or survivors of them, and their heirs," being the concluding words of the second clause of the will. It is contended on the part of appellants that the survivors at

the death of the testatrix took the whole property. Appellee contends, on the other hand, that the gift, being preceded by a life estate, took effect in favor of those, only, who survived the period of distribution at the termination of the life interest. Should the contention of appellants be upheld then the grand-daughter, Elizabeth, took nothing whatever under the will of her grandmother, as it would be apparent that provision had been made for the contingency of the death of her father during the lifetime of the testatrix, whereas if the contention of appellee is sustained, under the rule laid down in *Pirrung* v. *Pirrung,* 228 Ill. 441, section 11 of the Statute of Descent would apply and the grand-daughter, Elizabeth, would take the interest her father would have taken had he survived the death of Frank Burlet, Sr.

The decisions in regard to determining when, in cases such as this, the survivorship is referred to the time of the death of the testator and when to the death of the person to whom has been given an intervening interest are not in entire harmony. The rule now prevailing, and which we follow, is, that where a gift to survivors is preceded by a life or other prior interest it takes effect in favor of those who survive the period of distribution, and those only, unless a special contrary intent is found in the will. This is the rule now generally accepted and which we have followed and approved in *Ridgeway* v. *Underwood,* 67 Ill. 419, *Blatchford* v. *Newberry,* 99 id. 11, and *Schuknecht* v. *Schultz,* 212 id. 43. Applying this rule of construction to the clause in question, it is apparent that the testatrix made no provision whatever for the contingency of the death of her son Frank before the time of her decease, and under the rule laid down in *Rudolph* v. *Rudolph,* 207 Ill. 266, *Frail* v. *Carstairs,* 187 id. 310, and *Pirrung* v. *Pirrung,* *supra,* the chancellor properly held that section 11 of the Statute of Descent applied, and the appellee took the inter-

est which her father would have taken in the premises had he survived the decease of Frank Burlet, Sr.,

Appellants rely upon the case of *Hempstead* v. *Dickson*, 20 Ill. 194, which announces a contrary doctrine. The rule there laid down designating the period to which survivorship is referred, so far as it applies to a case where a gift to survivors is preceded by a life or other prior interest, has not been followed by us in later cases and is not approved.

Appellants contend that the addition of the words "and their heirs" to this clause indicates that the testatrix meant this devise to apply only to such of her children as should survive the time of her decease, and rely, in support of this contention, upon the case of *Grimmer* v. *Friederich*, 164 Ill. 245. In that case the clause construed was as follows: "After the death of my said wife, Magdalena Grimmer, all the remainder of my estate, both personal and real, shall be equally divided among my surviving children and their heirs, share and share alike," and we there held that the words "and their heirs," contained in that clause, were important and significant, as showing an express intention on the part of the testator that the survivorship was not to be referred to the death of his widow but to the time of his own decease. The language in the clause under consideration here is quite different from the language employed in the Grimmer will. There the residue was to be divided equally *among* his surviving children *and their heirs,* while here the devise is *"unto* my beloved children, share and share, or the survivor or survivors of them, and their heirs." In the *Grimmer case* it is apparent that the testator, by the use of the word "among," meant that should the contingency arise his estate should be divided among his children living at the time of the widow's death and the heirs of such as should die between the time of his decease and the death of his widow, while in the clause here under consideration the devise is to the children of the testatrix or the survivor or survivors of them and their

heirs,—*i. e.*, the heirs of the survivors,—clearly indicating that the words "and their heirs" were used simply as words of limitation to characterize the estate devised. This clause has the same meaning precisely as though the testatrix had used, instead of the words "and their heirs," the expression "in fee simple."

A proper construction of the will of Anna Burlet was given by the chancellor and a proper application of the statute made. The decree of the circuit court is affirmed.

*Decree affirmed.*

CARTWRIGHT and DUNN, JJ., dissenting.