Edwin L. Hay et al., Administrators, v. Minnie P. Boling et al., Appellees.

1. DESCENT—*section 11 of act construed.* This section was enacted to prevent lapses where a devisee or legatee, being a child or grandchild of the testator, dies before the testator, leaving issue, and no provision is made in the will for such contingency. The purpose of the enactment of said section is that the child or grandchild taking the legacy or devise of his or her parent or grandparent takes the same under and by virtue of the will of the testator or testratrix and not by descent from his

or her parent or grandparent, and, therefore, the status of the child or grandchild taking under and by virtue of the provisions of said section is as though such child or grandchild had been specifically designated in the will as a legatee or devisee.

2. STATUTE OF FRAUDS—*section 12 construed.* This section is one available to the creditor of the ancestor or devisor leaving lands, tenements or hereditaments or rents or profits out of the same, devised or descending to any devisee or heir and out of which such creditor is entitled to recover the debt due from such ancestor or devisor as against the rights of such heir or devisee.

Assumpsit. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911.

JOHN E. POLLOCK, for appellants.

JACOB P. LINDLEY, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

The declaration in this suit in assumpsit by appellants, as administrators of the estate of Almeda Hay, deceased, against the appellees, Minnie P., Peter C., and Leslie F. Boling, being the children and only heirs at law of Celia J. Boling, deceased, alleges the execution and delivery by the said Celia J. Boling and John L. Boling, her husband, to Peter G. Hay of their two certain promissory notes, one for the sum of $500, dated May 1, 1899, payable 12 months after date, and one for the sum of $1500, dated July 20, 1904, payable 3 years after date; that said Celia J. Boling died February 4, 1905, leaving appellees as her children and only heirs at law; that she left no personal property out of which to pay her debts and that no administration was had upon her estate; that said Celia J. Boling was the daughter of Peter G. Hay, the payee in said notes, who died testate March 1, 1908; that by the first clause of his last will and testament the said testator bequeathed to his wife Almeda Hay all his chattel property, choses in action and personal estate of every kind and description, remaining after the payment of his just debts; that by the second clause of his said

will said testator devised to his said wife for and during the term of her natural life the benefit, use, rents, issues and profits of certain described real estate; that by the fifth clause of his said will said testator gave and devised to his daughter, Celia J. Boling, her heirs and assigns, subject to the life estate therein of his said wife, certain described tracts or parcels of land in Tazewell county, Illinois, to have and to hold the same to the said Celia J. Boling, her heirs and assigns forever; that by the twelfth clause of said will said testator directed his executors to divide a certain described tract of timber land into four equal parts, and gave to his daughter Celia J. Boling one of said parts designated as "tract No. 2;" that the said real estate so devised to said Celia J. Boling, her heirs and assigns, was of the value of $15,000, and that appellees have or will come into possession of said real estate by reason of said devise to said Celia J. Boling, and that by force of the statute in such case made and provided appellees became liable to pay to appellants the amount of the said notes according to the tenor and effect thereof, etc. General and special demurrers interposed by appellees to said declaration were sustained by the court and appellants electing to abide their declaration judgment was entered against them in bar of their action and for costs.

Appellants predicate their right of recovery in this case upon the provisions of section 11 of the act in regard to the descent of property, and upon the provisions of section 12 of the Statute of Frauds and the several sections of the last named statute which designate the procedure to be adopted.

Section 11 of the act in regard to the descent of property is as follows:

"Whenever a devisee or legatee in any last will and testament, being a child or grandchild of the testator, shall die before such testator, and no provision shall be made for such contingency, the issue, if any there be, of such devisee or legatee, shall take the estate devised or bequeathed as the devisee or legatee would have done had he survived the testator, and if there be no such issue at the time of the death of such testator, the estate disposed of by such devise or legacy

shall be considered and treated in all respects as intestate estate." Rev. Stat. (1909) 845.

Section 12 of the Statute of Frauds is as follows:

"When any lands, tenements or hereditaments, or any rents or profits out of the same, shall descend to any heir, or be devised to any devisee, and the personal estate of the ancestor of such heir or devisor of such devisee shall be insufficient to discharge the just demands against such ancestor or devisor's estate, such heir or devisee shall be liable to the creditor of their ancestor or devisor to the full amount of the lands, tenements or hereditaments, or rents and profits out of the same, as may descend or be devised to the said heir or devisee; and in all cases where any heir or devisee shall be liable to pay the debts of his executor or devisor, in regard of any lands, tenements or hereditaments, or any rent or profit arising out of the same, descending or being devised to him, and shall sell, alien or make over the same before any action brought, or process sued out against him, such heir at law or devisee shall be answerable for such debts to the value of the said lands, tenements and hereditaments, rents or profits so by him aliened or made over; and executions may be taken out upon any judgment so obtained against such heir or devisee, to the value of the said lands, tenements and hereditaments, rents and profits, of the same, as if the same were his own proper debts, saving and excepting that the lands and tenements, rents and profits, by him *bona fide* aliened, before the action brought, shall not be liable to such execution." Rev. Stat. (1909) 1197.

Section 11 of the act in regard to the descent of property was enacted to prevent lapses where a devisee or legatee, being a child or grandchild of the testator, dies before the testator, leaving issue, and no provision is made in the will for such contingency. Pirrung v. Pirrung, 228 Ill. 441. It is apparent upon a consideration of the purpose of the enactment of said section 11 that the child or grandchild taking the legacy or devise of his or her parent or grandparent takes such legacy or devise under and by virtue of the will of the testator or testatrix and not by descent from his or

her parent or grandparent, and in determining the status of the parties the child or grandchild taking under and by virtue of the provisions of said section 11 must be deemed to take under the will precisely as if such child or grandchild had been specifically designated in the will as a legatee or devisee.

Section 12 of the Statute of Frauds is only available to a creditor of the ancestor or devisor leaving lands, tenements or hereditaments or rents or profits out of the same, devised or descending to any devisee or heir and out of which such creditor is entitled to recover the debt due from such ancestor or devisor as against the rights of such heir or devisee.

In the case at bar the debt sought to be recovered was not the debt of the devisor, Peter G. Hay, but was the debt of his daughter, Celia J. Boling, the mother of appellees, who died before her father. Celia J. Boling having predeceased her father the estate devised to her did not vest in her and could not, therefore, become liable for the payment of her debts. Had Celia J. Boling survived her father the estate devised to her would have vested in her, subject, however, to the payment of her father's debts as provided by section 12 of the Statute of Frauds and this is all that is meant by the expression in section 11 of an act in regard to the descent of property, that "the issue  .  .  ." of such devisee or legatee shall take the estate devised or bequeathed as the devisee or legatee would have done had he survived the testator."

The demurrer to the declaration was properly sustained and the judgment will be affirmed.

*Affirmed.*