(No. 21928.—

MARILYN LORRAINE SCHNELLER, Appellee, *vs.* MELCHIOR SCHNELLER, Exr., *et al.* Appellants.

*Opinion filed February 23, 1934—Rehearing denied April 5, 1934.*

MARIO H. GUIDARELLI, (JAMES F. BURNS, GEORGE GILLETTE, and NORBERT B. TYRRELL, of counsel,) for appellants.

EDWARD S. CODY, and EDWARD M. BURKE, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee filed in the circuit court of Cook county a bill to construe the will of her grandfather, John L. Schneller. The bill sets out the will, avers that on or about March 8, 1931, the testator died leaving a will dated January 18, 1919; that he left an estate of a value, after deduction of debts, charges and legacies, of not less than $100,000; that he left surviving him as his only heirs-at-law and next of kin, Melchior Schneller, a son, and Marie Schneller Schaefer, a daughter, who are appellants here, and appellee, a daughter of Christian Schneller, deceased, son of the testator, and that appellee's father, Christian Schneller, died intestate on December 5, 1930, leaving as his heirs and next of kin the appellee, Marilyn Lorraine Schneller, and Lorraine Schneller, his widow, who appears here as guardian of appellee. It is claimed in the bill that appellee is entitled to one-third of the estate of the testator and that appellants are each entitled to one-third. She alleges that appellants refuse to recognize her claim but take the position that she has no interest in the estate, which, they say, passed by the third clause of the will to them alone, subject to debts and legacies, and that appellants further claim that as Christian Schneller died prior to the death of the testator, appellee, as his child, has no claim to nor interest in the estate. Appellants demurred to the bill. Their demurrer was overruled, and they having abided the demurrer, the chancellor entered a decree in accordance with the prayer of the bill. An appeal was taken to the Appellate

Court and was transferred to this court, a freehold being involved.

The second clause of the will bequeathed a legacy of $5000 to Melchior Schneller, one of the appellants. The controversy here arises over the construction of the third clause of the will, which is as follows: "All the remainder and residue of my estate, real, personal and mixed, of every kind, character and description, and wherever located, I give, devise and bequeath to my three children, viz., Melchior Schneller, Christian J. Schneller and Marie Schneller, or to the survivors or survivor of them, to be distributed equally share and share alike, for their sole and exclusive property forever."

It was and is the theory of counsel for the appellee that she is entitled to a one-third interest as tenant in common of the estate of the testator, subject to payment of debts and legacies, and in support of that position she relies upon the application of section 11 of the Statute of Descent. (Cahill's Stat. 1933, chap. 39, p. 1101.) This section was originally enacted in 1845 as a part of the statute relating to wills, (Rev. Stat. 1845, chap. 119, sec. 14,) and was adopted in the revision of the laws in 1872 without substantial change. It provides as follows: "Whenever a devisee or legatee in any last will and testament, being a child or grandchild of the testator, shall die before such testator, and no provision shall be made for such contingency, the issue, if any there be, of such devisee or legatee, shall take the estate devised or bequeathed as the devisee or legatee would have done had he survived the testator, and if there be no such issue at the time of the death of such testator, the estate disposed of by such devise or legacy shall be considered and treated in all respects as intestate estate."

Appellants' contention is that this statute does not apply because the testator by the words "survivors or survivor of them," appearing in the third clause of the will,

intended to make, and did make, provision for the contingency of a beneficiary under his will dying during his lifetime, and so limited the gifts under. that will to such of his children as survived him; that as no preceding life estate or other interest was given by the will, the words of survivorship necessarily refer to the time of the death of the testator and amount to a provision that those, and only those, shall take who survive him. Counsel for appellants have cited numerous cases which they say demonstrate that this clause of the will should be construed as a provision that those, only, who survive the testator are to take, and, construing the words "survivors or survivor of them" in their plain, ordinary meaning, they must be held to show an intention on the part of the testator that should any one of the three children die before the testator died, the other two were to take the entire estate. Appellee's counsel admit that under the common law rules pertaining to the construction of wills appellants' contention would be correct, but, they say, this is a case to which section 11 of the Statute of Descent should be applied; that the act was passed by the legislature for the purpose of preventing the disinheritance of issue of a beneficiary named in a will where such beneficiary has died before the testator, and that it should appear not only that the ordinary construction of technical words used shows that the testator intended to cut off the issue of his son Christian, but that it must clearly appear from all the circumstances surrounding the testator, as disclosed by the will, that such was, in fact, his intention.

The purpose of the enactment of section 11 of the Descent act has frequently been stated by this court to have been to provide against the harsh rule of the common law which voided gifts by will where the donee dies in the lifetime of the testator. As was said by this court in *Kehl* v. *Taylor*, 275 Ill. 346: "Justice and equity would seem to require that all children, in the absence of special

circumstances, should inherit equally from their parents, and that in case of the death of one or more of them their children should take the portion which their deceased parent would have taken had he or she survived the testator, and such is the policy of our laws of descent." So in *Pirrung* v. *Pirrung,* 228 Ill. 441, the purpose of the enactment of this statute was declared to be to prevent lapses where a devisee, being a child or grandchild of the testator, dies before the testator, leaving issue, and no provision is made for such contingency in the will. In *Rudolph* v. *Rudolph,* 207 Ill. 266, the same purpose is found. In that case this court, citing with approval *Missionary Society* v. *Pell,* 14 R. I. 456, held that it must be presumed that the testator made his will in view of the statute, and that he intended to have the statute prevail unless the contrary clearly appears. The disposition of the courts toward the application of this statute is further shown by the rule there announced that the burden of showing facts which take the case out of the application of the statute is on one claiming that the statute does not apply; that he must show that the legacies or devises were, and were intended to be, not only gifts to the particular devisees or legatees, but that they were intended by the testator to be purely personal gifts and not to go to the child or children of such legatees or devisees, as provided by the statute.

It will thus be seen that notwithstanding the common law rules applicable to the construction of the language of wills, it must clearly appear from the instrument, and the circumstances disclosed thereby, that it was the intention of the testator, at the time he made his will, to provide for the contingency of one or more of the beneficiaries dying prior to his death. This is a salutary rule, and in its application courts have not considered, alone, the construction of technical terms. Such has been the disposition of the courts not only of this country, (*Woolly* v. *Paxson,* 46 Ohio St. 307, 24 N. E. 599; *Stockbridge* v.

*Estate,* 145 Mass. 517, 14 N. E. 928; *Moore* v. *Dimond,* 5 R. I. 121,) but has likewise been the English rule, where a similar statute is in effect. In *Newton* v. *Ayscough,* 19 Ves. 534, Sir W. Grant, in commenting on like language of the English statute, said: "To what period survivorship is to relate depends not upon any technical words but the apparent intention of the testator, collected either from the particular disposition or the general context of the will." As was announced in *Rudolph* v. *Rudolph, supra,* it must be presumed that the testator, at the time he made his will, intended to have the statute prevail, and that unless it be clear from all the language of the will that his intention was contrary thereto, the presumption that he intended that all his children should take prevails.

The principal controversy in this case is whether section 11 of the Descent statute applies or whether the language of the will justifies the conclusion that it is thus taken out of the statute. We are to approach that question with the above noted presumptions in mind. It will be observed that the testator in this case gave his estate to his three children, "for their sole and exclusive property forever." This was the gift of a fee to each. In this provision he must be held to have contemplated that the heirs of each would succeed to the estate given, unless it can be said that the words of survivorship show a contrary intention on his part and overcome such presumption, and likewise the presumption, always present, that the testator made his will in view of the statute. At the time of the execution of the will the testator had three children. All were living and all were unmarried. Appellee was but three years of age when the bill was filed, and, of course, had not been born when the will was executed. It is clear from the provisions of the third clause of his will that he intended to treat them all alike.

In determining the applicability of the statute it is well to look first to the meaning of its language and the in-

tention of the legislature in enacting it. That intention is gathered not only from the language used but likewise from the reason and necessity for the act, the evil sought to be remedied and the objects and purposes sought to be obtained by it. (*Warner* v. *King,* 267 Ill. 82; *Hoyne* v. *Danisch,* 264 id. 467; *People* v. *Henning Co.* 260 id. 554.) What, then, may be said to be the proper construction of the language, "and no provision shall be made for such contingency?" These words clearly refer to the will as of the time of its execution, for the testator's intention is necessarily his intention when the will is executed. Therefore the inquiry here is whether the testator, when he executed the will, had in his mind a purpose to make provision for the death of one of his children during his lifetime. Such words must relate to a definite purpose to make such provision, for without such purpose shown by the will the statute must be applied. The requirement that the statute shall apply where no provision is made for the contingency of the death of a beneficiary in the lifetime of a testator clearly implies that to avoid the application of the statute it must be clearly shown that it was, in fact, the intention of the testator, at the time he made his will, to make such provision. The testator here did not in his will mention the death of one of his children before his death. He in nowise expressly provided for such contingency. He knew his will would not take effect until his death. All the facts herein enumerated negative any such intention on his part.

We come, then, to the question whether the ordinary construction of the technical words "survivors or survivor" must govern in determining whether this statute applies. As we have seen, there is much in the will to indicate a contrary intention. It is necessary in order to take this will from under the statute to conclude that he not only intended the gift to be personal to his children but that he intended by the language used to make the gift per-

sonal, only, and in nowise to benefit a child of any of his children who might die before his death. There is nothing in the circumstances shown by the will to indicate that at the time it was executed the testator intended that the statute should not apply. There is nothing beyond the bare use of the technical words of survivorship to indicate that he had in mind the disinheritance of one of his grandchildren who had lost its parent before the death of the testator. It cannot be said that he intended to cut off Christian's children because Christian had no children when the will was made. Such an intention could be discovered only from a finding that he intended to cut off any grandchildren whose parent or parents predeceased him. Such would be a most unnatural intention. Of course, the fact that such is an unnatural thing, or that it is unnatural that the testator's children should seek here to prevent the child of their brother from receiving a share of the inheritance, does not, alone, determine the application of the statute, but the former is a circumstance bearing upon the testator's intention. Our duty here, however, is, as we have pointed out, to gather the intention of the testator, not alone from the words of survivorship but from all the circumstances surrounding the execution of the will, as shown by the language of the will.

No case presented to us is entirely analogous on the facts. Counsel for appellants say that the application of this statute has been made in those cases, only, where the distribution of the estate is, as provided in the will, at a time subsequent to the death of the testator, and that in this case the words of survivorship can relate only to the time of the death of the testator. The question here is, however, not what would be the effect of the will at common law, but whether it can be determined that in this case the testator intended to make provision for the death of one of his children prior to his death. In determining that question the time fixed by the survivorship is to be

considered but only for the purpose of determining the intention of the testator, and the question whether an intervening estate is or is not given is not controlling. In *Burlet* v. *Burlet,* 246 Ill. 563, a life estate was given to the husband and the remainder to the children, "or the survivor or survivors of them and their heirs." It was there contended on the one hand that as the gift to the children was preceded by a life estate it took effect only in favor of those who survived the period of distribution, while on the other hand the contention was that section 11 of the Descent act applied, and the interests of the deceased parent who had died prior to the death of the testatrix passed to his issue. The question was whether the intention to make provision for the contingency of death of one of the beneficiaries during the lifetime of the testatrix was shown by the words of survivorship. The common law rule as to construction of wills was referred to but it was held that section 11 of the Statute of Descent applied, for the reason that it was not disclosed that the testatrix intended to provide for the contingency of death of a beneficiary during her lifetime. In *Pirrung* v. *Pirrung, supra,* a life estate was given to the wife, and the will provided that after her death the estate "shall descend in equal portions to my sons, Jacob Pirrung and Conrad Pirrung, to be theirs forever, and in case either of said sons shall not survive my said wife, Elizabeth, then the survivor to take all." It was held that this clause contemplated a death after the will takes effect by the death of the testator; that there was no provision for the contingency of death in the lifetime of the testator and that the statute applied. In that case it was pointed out that at the time the will was made the two sons, Conrad and Jacob, were boys aged ten and twelve and the testator was forty-five years old; that he was about seventy-three when he died, and the court considered these facts in determining whether it was the

intention of the testator to provide for death of a beneficiary before his death.

Counsel for appellants argue that, if no precedent estate be given, words of survivorship must relate to the time when the will went into effect, which was at the death of the testator, and that the conclusion must be that he by the words of survivorship intended to make provision for disposition of the interest given by the will to a devisee dying during the testator's lifetime, and that, Christian Schneller not having survived that time, it was the intention of the testator that Christian's issue be cut off and the estate go to the remaining beneficiaries named. Does it follow that where no precedent estate is given and survivorship is provided by the testator he by those facts must be said to have provided in his will for the contingency of a devisee dying during his lifetime? What his intention was concerning such a contingency must be, as we have seen, determined from all the language of the will.

In *Frail* v. *Carstairs*, 187 Ill. 310, the facts approach the facts of this case more nearly than those of any case cited or which we have been able to find. In that case the testator devised one hundred acres to his sons, James and Thomas, and his daughters, Kate and Margaret, share and share alike. The will provided that a home should be provided on these premises for his unmarried children. It was also provided by the seventh clause of the will: "If either James, Kate or Margaret Frail shall die unmarried their share shall go to the survivor or survivors of them; and it is my further will that at the death of all these parties named in this article dying unmarried their interests shall all go to my son Thomas Frail, his heirs and assigns forever." James died in the lifetime of the testator without having married, and under the second provision of section 11 of the Descent act the interest devised to him became intestate property unless provision for the contingency of his death was made in the will. By the language

of the will the estate there given to each was a fee, determinable, however, on death of the devisee without having married. The estate given by the clause vested on the death of the testator. No intervening estate was given. As James died before the testator, leaving no issue, the estate devised to him did not vest. It was there claimed that the interest of James went to Kate and Margaret under the words of survivorship, but this court there held that the language of the will made no provision for the contingency of the death of James before the testator, and by section 11 of the Statute of Descent the interest devised to James descended as intestate estate to the heirs-at-law of the testator as though no devise had been made. It will be observed that in that case no intervening estate or interest was given and the words of survivorship were practically identical with such language in the will before us.

Counsel for appellants, however, seek to distinguish the *Frail case* from the case before us on the ground that in that case the devise was a determinable fee. That fact was not made a basis of the opinion holding that the statute applied, and we are unable to see wherein it constitutes the distinction claimed. The holding was, that since James did not leave issue and the language of survivorship was not sufficient to prevent the application of the second clause of section 11 the act applied. Had such language been considered sufficient to provide for the contingency of the death of James before that of the testator the court would scarcely have held that the interest devised to him passed as intestate estate, as it would have then followed that the interest devised to James passed, under the language concerning survivorship, to his sisters, Kate and Margaret. They were two, only, of the heirs-at-law of the testator. The application of the statute caused the estate to descend in a different way from that provided in the words of survivorship, and this notwithstanding the words of sur-. vivorship were quite as clear as those found in the will

before us. Survivorship in the *Frail case* was in one or two of the three named children, and ultimately in Thomas in case all of the three named died unmarried.

In the case before us the words of devise to the three children (naming them), "or the survivors or survivor of them," in so far as affects the question of the application of the statute, cannot be considered as differing from the words used in the *Frail case*. Nor can it be seen that the difference in the condition of survivorship in that case affects the question involved, which is, as we have said, whether the testator made provision for the death of any of his children before his death. Here the gift was of the fee, which was, in effect, a gift to the heirs of the testator's children. We are of the opinion that, considering all the language of this will, the words of survivorship, though sufficient under the common law to have constituted a devise to the remaining children of the testator, are not, for the reasons herein stated, sufficient to constitute the specific provision required by the statute for the contingency of one of his children dying in his lifetime. This view in no way conflicts with the common law rule as to construction of wills.

We believe the just rule concerning the construction of this section of the Descent act to be that in this class of cases, where it may be doubted, from all the language of the will, whether the testator, in fact, intended to cut off the natural objects of his bounty, then, in order to take the will from under the statute, the will must specifically show that the testator had in mind and was providing for the contingency of the death of one of his children during his life. This construction we believe to be in accordance with the intention of the legislature in the enactment of section 11. It follows that the circuit court was right in holding that the statute applies in this case and in so construing the will as to give a one-third interest in the estate to appellee, subject to the debts and legacies.

It is also contended by appellants that the court erred in allowing solicitor's fees on behalf of appellee. The amount of the fees is not questioned. In view of the necessity for construing this will, we are of the opinion that fees were properly allowed. *McCormick* v. *Hall*, 337 Ill. 232.

The decree of the circuit court is right and is affirmed.

*Decree affirmed.*

Mr. CHIEF JUSTICE ORR, specially concurring: I agree with the conclusion reached in this opinion but not in all that is said therein.

DEYOUNG and JONES, JJ., dissenting:

We can conceive of no language which would more definitely express a testator's desire to limit his devise to the children who survived him than was used by John L. Schneller in the third section of his last will and testament. His intent seems to be clear and unambiguous. His devise was made to his three children "or to the survivors or survivor of them." It is not the province of a court to make a new will for a testator but to give the will he made the effect he intended as shown by its unambiguous terms.

Section 11 of the Statute of Descent provides that "whenever a devisee or legatee in any last will and testament, being a child or grandchild of the testator, shall die before such testator, and no provision shall be made for such contingency, the issue, if any there be, of such devisee or legatee, shall take the estate devised or bequeathed as the devisee or legatee would have done had he survived the testator, and if there be no such issue at the time of the death of such testator, the estate disposed of by such devise or legacy shall be considered and treated in all respects as intestate estate."

It will be seen that the statute which permits the issue of a child or grandchild of the testator to take in place of the original devisee is contingent upon the testator's having

made no provision in his will for the disposition of the property in case of the death of the devisee before that of the testator. If the will contains a provision for such contingency, the statute does not apply. Here the plain language of the third clause contains a provision for the contingency. It expressly provides that if any of his three children shall die, the survivors or survivor of them shall take the entire remainder. The words of survivorship are in the same sentence which creates the gift.

It is the rule, as to which we know of no exception, that words of survivorship in a will are to be construed as referring to the testator's death, where the language of the will does not clearly and definitely indicate that a subsequent date was intended. (Thompson on Construction of Wills, sec. 263.) It has been universally held in this country and in England that where there is a devise *simpliciter* to one person, and in case of his death to another, there being no contingent or doubtful circumstances connected with such death, the testator will be presumed to intend a death preceding his own. (*Lee* v. *Roberson,* 297 Ill. 321.) Words of survivorship in a will, particularly when used in connection with an immediate gift, such as the gift in this case, refer to the death of the testator as the time at which the survivorship will be determined, unless it clearly appears from the context of the will and the circumstances surrounding the testator that he intended to refer it to another time after his death. A different rule obtains, however, where the gift to the survivors is preceded by. a particular estate for life or years. In such a case, in the absence of anything indicating a contrary intention, words of survivorship usually refer to the termination of the particular estate. (40 Cyc. "Wills," 1511.) The will in this case created no preceding or particular estate. The devise was an immediate gift *simpliciter* to the testator's three children or their survivors or survivor. The devise contained an express provision for the contingency of death of any one

of the children in language definitely referable to the testator's death.

The purpose of section 11 of the Statute of Descent is to prevent the lapsing of a devise or legacy to a child or grandchild of a testator. Under the circumstances in this case there could be no lapse of the devise. Upon the testator's death there were living children of the testator to whom he had devised "all the remainder and residue of my estate."

We cannot see the application of the cases cited in the majority opinion to support its conclusion that section 11 of the Statute of Descent applies to the situation here presented. Thus, in *Rudolph* v. *Rudolph*, 207 Ill. 266, the will contained no words of survivorship and the case fell squarely within the statute. In *Kehl* v. *Taylor*, 275 Ill. 346, there was a preceding estate created, and the case therefore differs from this case, where there was no preceding estate created and where the devise was *simpliciter*. The same is to be said of *Burlet* v. *Burlet*, 246 Ill. 563. There is no similarity between the facts in *Frail* v. *Carstairs*, 187 Ill. 310, and the facts in this case. In the *Frail case* there vested in the testator's children a fee determinable as to any one of three dying unmarried, in which event his share went to the survivors or survivor. The devise to the survivor of a terminated fee which had vested was necessarily upon a contingency subsequent to the death of the testator. It was the only contingency of which cognizance was taken in the will, and when a devisee died before the testator, a contingency for which no provision was made, section 11 of the Descent act applied. Not a question involved in that case is involved in this one, nor is there a question involved in this case that was involved in that one.

For the reasons above stated, we are unable to concur in the majority opinion.