In re Estate of John L. Bulliner, Deceased.
Effie Bulliner Russell, Guardian of June Bulliner Leach and Fred Bulliner, Appellant, v. J. F. Bulliner, Administrator of Estate of John L. Bulliner, Deceased, Appellee.

Opinion filed March 9, 1938.

WARFORD & FRANKLIN, of Marion, for appellant.

H. L. ZIMMERMAN and AUGUST L. FOWLER, both of Marion, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

On July 1, 1918, Frederick Logan Bulliner and Effie, his wife, executed and delivered to John L. Bulliner,

his father, a note for $790 due one day after date. Afterward, on June 15, 1932, John L. Bulliner died intestate, while Frederick Logan Bulliner passed away on June 12, 1923, or nine years before the death of his father. Frederick Logan Bulliner died insolvent, owing the note in question or the major part thereof, and there was no administration of his estate.

In the final settlement of the John L. Bulliner estate, the administrator took credit to the amount of $1,051.98, balance due on such note, against the share of said estate which would have come to Fred Bulliner and June Bulliner, the minor children and descendents of said Frederick Logan Bulliner. Exceptions to such item of the report were filed by the guardian of said minors and overruled by the county court. Upon appeal the circuit court ruled that the charge was proper against the distributive shares of such minors, and they by their guardian now seek to reverse such holding.

The question under consideration is whether or not the share of these grandchildren in the estate of their intestate grandfather is chargeable with an obligation which their father owed the grandfather, whom he predeceased. So far as we are advised or have been able to discover, there are no decisions in this State which pass upon the precise question.

The rule governing in such situations is stated in 18 Corpus Juris, p. 884, sec. 153: ''The right to deduct from the share of a child the debts due the estate from his deceased parent, whose death preceded that of the owner of the estate, depends upon whether the child is to be considered as taking in his own right or through the deceased parent. In the former case no deduction can be made, but in the latter the child takes subject to the same deductions as the parent would have done.''

The application of the rule necessarily turns upon the interpretation of our statute, which in subd. 1,

sec. 1, ch. 39 [Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 110.193], provides, in regard to the descent of property of intestate estates, that same shall descend "to his or her children and their descendants, in equal parts; the descendants of the deceased child or grand-child taking the share of their deceased parents in equal parts among them.''

Does the subsection quoted cast the inheritance directly upon the heir, or does the heir, taking in the stead of his ancestor, merely inherit as his representative and hence take what and no more the ancestor would have been entitled to if he had survived the decedent?

The only decision in this State which has construed such subsection 1, so far as we know, is *Simpson v. Simpson,* 114 Ill. 603, where the proposition in issue was whether certain grandchildren would be barred of participation in the estate of their intestate grandfather by reason of the premise that their father, who had predeceased the grandfather, had during his lifetime accepted from the latter a conveyance of real estate in full satisfaction of his share, as heir, in his father's estate.

The court held this was a valid advancement which barred the rights of the grandchildren, and while the question was not identical with the matter under consideration, the reasoning is analogous. The court, upon page 605, said: "By our Statute of Descents the estate of a person dying intestate descends 'to his or her children and their descendants in equal parts, the descendants of a deceased child or grandchild taking the share of their deceased parents in equal parts among them.' The latter clause is but the enactment of Blackstone's fourth canon of descents: 'That the lineal descendants, in infinitum, of any person deceased, shall represent their ancestor, that is, shall stand in the same place as the person himself would

have done had he been living. . . . And these representatives shall take neither more nor less, but just so much as their principals would have done.' "

Here is the direct holding that in such case the grandchildren take as representatives of the deceased parent, "neither more nor less, but just so much as their principals would have done"; not in their own right, but by way of representation.

The estate consisting of personalty, Frederick Logan Bulliner, had he lived, would have been chargeable out of his distributive share with his debt to the decedent; *In re Estate of Esmond,* 154 Ill. App. 357; *Pollock v. Cantlin,* 253 Ill. App. 229; and if the law obligates us to hold that his children took in his stead "neither more nor less" than he would have done if living, it would follow that the distributive share coming to them was subject to his obligation.

The phraseology of the statute is, "the descendants of the deceased child or grandchild taking the share of their deceased parents." The sense and meaning of the word *share* is controlling in determining just what the descendants take in consequence of their parents' death. The word *share,* as applied to an intestate estate of personalty, undoubtedly refers to the distributive portion which the heir would receive upon settlement of the estate, or the extent to which he would participate therein, and as it is the settled law of this State that had Frederick Logan Bulliner survived his father he would have been entitled to participate in the distribution of the estate only after his obligation to his father had been discharged, the estate consisting of personalty, and his children "taking the share of their deceased parent," which means participating in the distribution as he would have been entitled to do had he lived, they would, as stated in *Simpson v. Simpson, supra,* "take neither more nor less, but just so much as their principals would have done," in the same man-

ner as their father if living. Hence, standing in the place and stead of their father, and taking as his representatives, their distributive share is subject to his debt to the estate.

Appellant has cited certain decisions of this State wherein it is claimed that a contrary ruling was made. *Jordan v. Jordan,* 274 Ill. 251, and *Hay v. Boling,* 162 Ill. App. 55, were both concerning testate estates, and the court in each expressly based its decision upon the fact that the parties took their interests by virtue of a last will, and not by descent. We do not think these authorities are in point.

In *Ellis v. Dumond,* 259 Ill. 483, an administratrix in a partition suit sought, among other things, a lien against real estate on account of an indebtedness of certain children's immediate ancestor to the remote ancestor, and the court refused to award such lien. The court was there considering real estate where obviously a lien could not be decreed, as under the statute realty descends to the heirs directly, with only a reserved power in the administrator to subject it to sale for the payment of intestate's debts. If the ancestor had been living the situation would have been the same; his interest in the realty could not have been subjected to lien unless, in an appropriate action, a judgment had been first procured against him upon the debt. We do not think the court was there passing upon the question here involved, or construing subd. 1 of sec. 1 of the statute of descent.

In our opinion the trial court ruled correctly.

*Judgment affirmed.*