*In re* ESTATE OF EDWARD J. BULGER, Deceased (Estate of Edward J. Bulger, Deceased, Appellee, v. Emmett Bulger, Jr., *et al.*, Appellants).

First District (3rd Division)   No. 1—90—0991

Opinion filed December 31, 1991.

Thomas J. Georgis & Associates, Ltd., of Palos Hills, for appellants.

John Roth, of McHenry, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

The executor, Anthony A. DiGrazia, filed a supplemental proceedings petition to construe testator Edward J. Bulger's will. The trial court ordered that the estate vests in the surviving children of testator pursuant to the will. Plaintiffs Emmett Bulger, Jr., Susan Sea, Dolores Bauer, Christine Torres, and Michael Bulger, who are testator's grandchildren, appeal that order.

Plaintiffs make the following allegations on appeal: (1) that where there is a testamentary disposition to a class composed of testator's descendants, and one of testator's children predeceases testator leaving descendants, the disposition is governed by section 4—11(b) of the Probate Act of 1975 (Act) (Ill. Rev. Stat. 1989, ch. 110½, par. 4—11(b)), unless it clearly appears from the will that testator provided for the contingency of a prior death of one of his children; (2) that the phrase "or to the survivor or survivors of them" in testator's will is not a sufficiently clear indication that testator provided for the contingency of the prior death of one of his children necessary to avoid the aforementioned "anti-lapse" provision; and (3) that *Schneller v. Schneller* (1934), 356 Ill. 89, 190 N.E. 121, is applicable to the present case. Testator's children maintain that the issue on appeal is whether the phrase "or to the survivor or survivors of them" in testator's will, viewed within the four corners of the will, creates an ambiguity which requires judicial construction.

The following issues are before this court for review: (1) whether the phrase contained in testator's will, "to share and share alike, or to the survivors of them in equal shares," creates an ambiguity which requires construction of the will; and (2) if so, whether by this clause the grandchildren may take their father's share pursuant to section 4—11(b) of the Act. We reverse.

Testator died a resident of Cook County, Illinois, on July 28, 1989. On August 16, 1989, his will, dated November 29, 1972, was admitted

to probate in proceedings filed in the circuit court of Cook County. Paragraph 2 of said will makes the following provision:

> "All the rest, residue, and remainder of my property, \*\*\* I give, devise and bequeath to my wife, ESTHER Z. BULGER, and in the event my wife, ESTHER Z. BULGER, shall predecease me \*\*\* all of my said property shall go and the same is hereby given, devised and bequeathed to my children, EDWARD G. BULGER, VERONICA STEDMAN, EMMETT BULGER and CHARLES BULGER, to share and share alike, or to the survivor or survivors of them, in equal shares."

Emmett Bulger predeceased his father, testator, and was survived by plaintiffs.

At the time of testator's death, section 4—11(b) of the Act was in effect. (Ill. Rev. Stat. 1989, ch. 110½, par. 4—11(b).) Section 4—11(b) makes the following relevant provision:

> "Legacy to a deceased legatee: Unless the testator expressly provides otherwise in his will, \*\*\* (b) if a legacy of a present or future interest is to a class and any member of the class dies before or after the testator, the members of the class living when the legacy is to take effect in possession or enjoyment take the share or shares which the deceased member would have taken if he were then living, except that if the deceased member of the class is a decedent of the testator, the descendants of the deceased member then living shall take per stirpes the share or shares which the deceased member would have taken if he were then living \*\*\*." Ill. Rev. Stat. 1989, ch. 110½, par. 4—11(b).

On or about September 20, 1989, testator's grandchildren made a demand upon counsel for the executor of testator's estate for their deceased father's share of the estate. On or about November 22, 1989, during pending probate proceedings, the executor filed a petition for supplemental proceedings to construe the will.

On or about March 8, 1990, the court ordered that the estate was to be distributed to the surviving children of testator only, and not the grandchildren. Upon pronouncing its decision, the trial court stated, "There is no ambiguity here. The will very clearly says it goes to the children or the survivors of them, and I cannot interpret the will in any other way." Plaintiffs appeal that order.

Testator's children concede that section 4—11 states that it is applicable to all wills unless the testator "expressly provides otherwise in his will." (Ill. Rev. Stat. 1989, ch. 110½, par. 4—11.) Testator's children also acknowledge that the will states that testator's four

named children are to "share and share alike, or to the survivor or survivors of them in equal shares." Testator's children, however, in reliance upon *Estate of Smith* (1982), 107 Ill. App. 3d 1038, 438 N.E.2d 553, argue that the language "survivor or survivors of them" means "the last living person or persons of those named." (*Estate of Smith*, 107 Ill. App. 3d at 1041, 438 N.E.2d at 557.) Testator's children contend that section 4—11(b) of the Act is therefore inapplicable to the will in the present case because testator has expressly provided that only his children living at the time of his death may take under his will. We disagree.

■ At common law, when a testator made a devise or bequest by will to a class composed of his children, and a member of the class predeceased the testator leaving descendants, the share of the deceased member would not go to his descendants, but to the remaining members of the class. In order for a member of the class to take, he had to survive the testator. If a member of the class predeceased the testator, the gift lapsed because it never vested in the deceased class member and was thus not available to his descendants. See 4 W. Bowe & D. Parker, Page on the Law of Wills §35.15 at 539-40 (3d ed. 1961); *Carter v. Lewis* (1936), 364 Ill. 434, 438, 4 N.E.2d 853, 856.

In order to overcome the harsh result of common law, the General Assembly of the State of Illinois enacted legislation commonly referred to as the "anti-lapse" statute (Ill. Rev. Stat. 1989, ch. 110½, par. 4—11(b)). The Act provides that the descendants of the deceased member of a class would take under the same set of circumstances described above. Ill. Rev. Stat. 1989, ch. 110½, par. 4—11(b).

■ In addition, the Illinois Supreme Court has ruled that "where a gift to survivors is preceded by a life or other prior interest it takes effect in favor of those who survive the period of distribution, and those only, unless a special contrary intent is found in the will." (*Burlet v. Burlet* (1910), 246 Ill. 563, 566, 92 N.E. 965, 966.) Later in *Schneller v. Schneller* (1934), 356 Ill. 89, 190 N.E. 121, our supreme court ruled that where a testator's will provided, "I give, devise and bequeath to my three children, *** or to the survivors or survivor of them to be distributed equally share and share alike," the words "survivors or survivor" did not by themselves indicate an intent on the part of the testator to bar application of the "anti-lapse" statute. (*Schneller*, 356 Ill. at 91-93, 190 N.E. at 122-23.) The court in *Schneller* further ruled that in order to avoid an "anti-lapse" statute, a will must clearly manifest an intention on the part of the testator to disinherit any grandchildren whose parents predeceased the testator.

*Schneller*, 356 Ill. at 93, 190 N.E.2d at 123; see *In re Estate of Wood* (1973), 13 Ill. App. 3d 595, 300 N.E.2d 560.

▮ We find that the above rule of construction is applicable to the case at bar. The trial court erred when it ruled that testator's will clearly stated that testator's grandchildren who were children of testator's deceased son Emmett Bulger could not take under the will. The phrase "or to the survivor or survivors of them" in testator's will is not a sufficiently clear indication that testator provided for the contingency of the prior death of his son necessary to avoid section 4—11(b) of the Act. (See *Schneller*, 356 Ill. at 91-93, 190 N.E. at 122-23.) Therefore, the phrase in question contained in testator's will requires construction of the will in accordance with section 4—11(b) of the Act.

Section 4—11(b) provides that living children of a deceased class member inherit *per stirpes* the share which the decedent would have taken had he survived. (See Ill. Rev. Stat. 1989, ch. 110½, par. 4—11(b).) Therefore, plaintiffs take their father's share pursuant to section 4—11(b) of the Act.

Accordingly, the judgment of the circuit court is reversed.

Reversed.

CERDA, P.J., and GREIMAN, J., concur.