Polzin v. Polzin.

## Annie Polzin v. Henrietta Polzin.

1. DEEDS—*A Condition in Deed to Pay Grantor a Monthly Sum Runs with the Land.*—An express condition in a deed that the grantee shall neither sell nor incumber said lot during the life of the grantor without her written consent, and that the grantee shall, during her life, pay her $17.25 on the first day of each month thereafter at her residence, which monthly payments are hereby made a charge and lien on said lot, runs with the land, and is a continuing charge upon it; and the performance of such a condition and the punctual payment of money so reserved is an obligation which a court of chancery will enforce.

Bill for a Receiver.—Appeal from an interlocutory order of the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion on rehearing filed October 30, 1903.

Appellee had a life estate in a certain building and lot of which her son Henry was the owner, subject to said life estate and to a mortgage for $5,500.

April 16, 1896, she conveyed her life estate in said premises to Henry by a deed which contains this provision:

"This deed is given upon the express condition that the grantee shall neither sell nor incumber said lot during the life of Henrietta Polzin without her written consent, and that the grantee will, during her life, pay her $17.25 on the first day of each month thereafter at her residence in said city, which monthly payments are hereby made a charge and lien on said lot."

Henry died intestate November 29, 1901, leaving appellant, his widow, his brothers, Albert, Charles and Edward, and sisters Martha and Bertha, his heirs at law From the time of the conveyance to his death, Henry Polzin was in possession of said premises, and appellant has been in possession thereof since, occupying a portion and receiving $74 per month rent for the remainder.

Henry Polzin paid his mother less than one hundred dollars on account of the money he, by the acceptance of said deed, became bound to pay her, and appellant has paid her nothing since she has been in possession of said premises.

October 13, 1902, appellee filed in the Circuit Court her bill in equity against appellant and the other heirs at law of Henry Polzin, setting up the facts above stated and praying that the amount due her be ascertained, the heirs at law of Henry Polzin required to pay the same, and that in default, said premises be sold to pay the same.

October 27, 1902, appellee, together with the brothers and sisters of Henry Polzin, filed in said cause a petition for the appointment of a receiver of said premises, setting up the matters contained in the bill and alleging waste and failure to repair. Appellant was made defendant to said petition and filed her answer thereto, denying the charge of waste and failure to repair, claiming a homestead and dower in said premises and alleging that the same were worth and could be sold for $12,000.

Polzin v. Polzin.

An affidavit was filed in which the value of the premises was stated to be $12,000.

The court entered an interlocutory order for the appointment of a receiver of the premises in question. From this order an appeal was taken to this court.

ARNOLD TRIPP, attorney for appellant.

MASTERSON, HAFT & DANDRIDGE, attorneys for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The condition in the deed runs with the land, and is a continuing charge upon it. The charge upon the land can not be deemed a rent of any description; nor can it properly be considered as an annuity, because by an annuity the person alone is charged; here the land is charged. The condition in the deed has given to appellee a particular interest in the land. It has imposed upon it an incumbrance which follows it into the hands of the widow and heirs at law of the grantee.

The amount due and to become due to appellee is a lien as well upon the interests of the brothers and sisters of Henry Polzin in the premises as upon that of appellant. The conveyance was by a mother to a son, upon the express condition that he pay her $17.25 on the first day of each month during her life. The performance of such a condition, the punctual payment of money so reserved, is an obligation which a court of chancery will, and perhaps only can, enforce.

Appellant's rights of homestead and dower are junior and subject to the rights of appellee to the money reserved to herself in her deed to appellant's husband. It was the manifest duty of the court to protect appellee and those who, as tenants in common, are the owners in fee of an undivided one-half of said premises, subject to existing liens thereon and rights therein.

It is but just and equitable, both to them as well as to appellee, that appellant should apply a portion of the rents of said premises to the payment of the amounts due and to

become due to appellee under the terms and conditions of said deed. For more than six years no payment has been made to appellee and the amount now due her is more than $1,300.

In our opinion, the record discloses a case where a court of chancery might, in the exercise of the discretion vested in the court in such matters, properly appoint a receiver, and the order appealed from will be affirmed.