(No. 30695.—

ALLAN R. MATHIS, individually and as trustee, Appellee,
*vs.* KATIE A. MATHIS *et al.*, Appellants.

*Opinion filed November 18, 1948—Rehearing denied Jan. 17, 1949.*

MARTIN E. O'CONNOR, and CHARLES W. BLACHINSKY, both of Kewanee, and CARL A. MELIN, of Cambridge, for appellants.

SHELDON & BROWN, and ALEXANDER L. HAGLUND, both of Sterling, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

A decree of the circuit court of Henry County construed a deed, dated May 10, 1928, from August and Lillian Mathis to their son Allan R. Mathis, and, also, the last will and testament of August Mathis, deceased. Katie A. Mathis and four others prosecute an appeal from the portion of the decree construing the deed. Allan R. Mathis, individually and as trustee, prosecutes a cross appeal from the decree to the extent it construes his father's will. A freehold is necessarily involved.

From the pleadings and the evidence, it appears that, on May 10, 1928, August Mathis and his wife, Lillian, conveyed a tract of farm land in Henry County to their son Allan, reserving a life estate to August Mathis. So far as otherwise relevant, the deed provides, "The grantors, * * * for the Consideration of One Dollar ($1.00) and love and affection and the making of the payments hereinafter specified to be made by the Grantee, hereby convey and quit-claim to Allan R. Mathis, * * *. Said Grantor, August Mathis, hereby requires of said Grantee that in partial consideration of making this conveyance that he, the said Grantee, make to Phillip J. Mathis of the Village of Prophetstown in the County of Whiteside * * * and one of the sons of the said August, the following payments, * * * ." Then follows a direction to commence payments two years after the death of the grantor and each

year thereafter until six years after his death, the initial payment to be $474.60 and the subsequent payments ranging from $90.84 to $3118.79. The five payments aggregate $6233.50. The deed then provides, "The right of the said Phillip J. Mathis to receive said payments is hereby made a lien against said [legal description of land,] and acceptance of this conveyance by said Grantee shall constitute his personal obligation to make such payments." The deed to Allan Mathis was caused to be recorded on January 10, 1929. A deed conveying property to a third son, Howard Mathis, containing identical recitals and making the payment of specified amounts of money to Phillip J. Mathis a part of the consideration and a charge on the land conveyed, was executed the same day, namely, May 10, 1928. The construction of the deed to Howard Mathis is not, however, directly involved in this litigation.

Phillip J. Mathis died intestate on March 14, 1931, leaving surviving as his only heirs-at-law his wife, Katie A. Mathis, and his children, Vera N. Kurkowski, Phillip A. Mathis, and Evard G. Mathis.

August Mathis died on July 28, 1941. By his will, dated April 30, 1927, he named his sons, Howard and Allan, executors. Item 6 provides: "I hereby ratify and confirm the conveyances made by me to my sons Howard E. Mathis and Allan R. Mathis of my farm lands subject to certain payments to be made by my said sons to my son Phillip J. Mathis, all in accordance with the terms and provisions of said deeds." By the seventh item of the will, the testator declared, "I hereby give devise and bequeath all the rest of my property of every kind and nature to the executors hereof to be by them sold and converted into cash or distributed in kind as they may see fit equally between them and my said son Phillip."

On April 28, 1944, the plaintiff, Allan R. Mathis, individually and as trustee, filed his complaint in the circuit court of Henry County against the defendants, Katie A.

Mathis, her three children and Howard E. Mathis, individually and as trustee. The relief sought with respect to the deed was a decree finding that the provision in the deed for Phillip J. Mathis was personal to him and did not inure to the benefit of his heirs-at-law and that, by reason of his death, the lien provided for by the deed from August to Allan Mathis was released and discharged. Seeking a construction of the will of August Mathis, plaintiff asked a finding that the heirs-at-law of Phillip J. Mathis have no interest in, and take no part of, the residuary estate of August Mathis, deceased, and the entry of a decree dividing the residuary estate equally between Howard Mathis and himself, Allan Mathis, or directing a sale of the property and an equal division of the proceeds between them. By an amendment to the complaint, plaintiff alleged that, on or about the date of the deed, he took possession of the premises described and has since continued in possession and occupation of the property. He asked that the cloud upon the title to the land caused by the lien in favor of Phillip J. Mathis, deceased, be removed and the title quieted in himself, Allan Mathis.

The answer of the four principal defendants, Katie, Phillip A. and Evard Mathis, and Vera Kurkowski, averred that the provisions of the deed for Phillip J. Mathis inured to the benefit of his heirs-at-law and that, by reason of his death, a lien provided for in the deed was taken against the lands by them. They prayed for the entry of a decree dismissing the complaint for the want of equity and a judgment against plaintiff, ordering him to pay to them the moneys provided for in the deed. Answering further, these defendants asserted their claim to a one-third interest in the residuary estate of August Mathis. They also averred that, subsequent to the death of Phillip J. Mathis, the parties entered into a written contract by which Howard and Allan Mathis agreed to make the payments specified in the deeds to them and that, pursuant to

the contract, payments were made. Plaintiff replied, denying that he entered into a contract with defendants, as averred by them, and alleged that the purported agreement was not executed by anyone.

Thereafter, defendants amended their answer by adding averments that, subsequent to the death of Phillip J. Mathis, Allan and Howard Mathis advanced $1063 to defendants as a prepayment or advancement on the payments to become due under the deeds; that, upon making the advancement, Allan Mathis caused a contract to be prepared by an attorney; that they, these defendants, signed the contract, dated November 2, 1931, which provided, in part: "Whereas, under and by virtue of the provisions of the two deeds aforesaid, the right of the said Phillip Mathis to receive the payments specified in said deeds to be made to him has descended to and now is the property of his said widow and children;" that, at later dates, Allan Mathis proposed to them a settlement of the payments due under the deed, and that, because of the admission, the conduct, and the statements made by Allan Mathis, he should now be estopped from asserting or claiming that the payments set forth in the deed due Phillip J. Mathis, have not inured, or do not inure, to the benefit of these defendants. Accordingly, defendants prayed that a decree be entered in their favor declaring the payments specified in the deed constituted a vested interest and an asset belonging to Phillip J. Mathis during his lifetime and that, upon his death, this interest descended to and became an asset of his heirs-at-law, and that Allan Mathis be directed to make the payments set forth in the deed to them.

The cause was referred to a master in chancery who heard the evidence. After the master's death, upon stipulation of the parties, the transcript of testimony was received by the court, subject to the objections made before the master. A decree, entered on March 17, 1948, quieted title in the property conveyed by August Mathis to Allan

Mathis in the latter, clear of any claim, right, title or lien on the part of defendants, Katie A., Phillip A. and Evard Mathis, and Vera Kurkowski; adjudged that the payments provided for in the deed to be made by Allan Mathis to Phillip J. Mathis were purely personal to the latter, and enjoined his heirs-at-law from asserting any claim upon Allan Mathis to make these payments; ordered the purported lien in favor of Phillip J. Mathis discharged and removed as a cloud upon the title of Allan Mathis, and sustained objections to the testimony of surrounding circumstances and conversations relative to the terms and provisions of the deed upon the ground that they are unambiguous. The chancellor construed the will of August Mathis as vesting in Howard Mathis, Allan Mathis and the three children of Phillip J. Mathis, deceased, one third each of the residuary state, the last one-third to descend and vest in the parties according to the laws of descent of the State, and decreed that title to one third each of the residuary estate has been vested in Howard Mathis and Allan Mathis and one ninth each in Vera Kurkowski, Phillip A. and Evard Mathis.

Seeking a reversal of the decree, to the extent it construes the deed, defendants contend that Phillip J. Mathis had a vested right or interest in the payments to be made to him by Allan Mathis which descended to his heirs-at-law. To sustain the decree in this respect, plaintiff maintains that the specified payments and the lien in favor of Phillip J. Mathis were personal to him and did not accrue during his lifetime.

Defendants present their contentions concerning the deed in the alternative, first, upon the assumption that the deed is unambiguous and does not require construction and, second, on the theory that the deed is of doubtful meaning and the language employed ambiguous. In the circuit court, plaintiff contended, and the chancellor agreed, that the deed was unambiguous. Defendants assert that, by

the language of the deed itself, Phillip J. Mathis had an absolute interest in the payments to be made which descended to his heirs and, in particular, that the provision in the deed in his behalf is a covenant running with the land which became effective and binding upon the grantee, Allan Mathis, upon delivery and acceptance of the deed.

Plaintiff took possession of the farm land described in the deed about the time it was executed and has since been in continuous possession of the property. The deed was placed of record in due course. There was both delivery to, and acceptance of, the deed by Allan Mathis. The deed itself recites that the property was being conveyed to Allan Mathis in partial consideration of his making five specified payments of money, aggregating $6233.50, to Philip J. Mathis. The acceptance by the grantee of a deed conveying an estate in land and containing a covenant or agreement to be performed by the grantee, followed by his entering into possession of the property, binds the grantee to the performance of the covenant or agreement as effectually as if he had signed the deed. (*Powell* v. *Powell,* 335 Ill. 533; *Sanitary District* v. *Chicago Title and Trust Co.* 278 Ill. 529; *Druecker* v. *McLaughlin,* 235 Ill. 367; *Gallaher* v. *Herbert,* 117 Ill. 160; *Carder* v. *Hughett,* 243 Ill. App. 170; *Polzin* v. *Polzin,* 110 Ill. App. 187.) If, from the language of a deed, it is doubtful whether a provision was intended as a condition subsequent or as a covenant, it will be construed as a covenant, the law favoring a construction of conveyances which vests estates rather than defeats them. *Nowak* v. *Dombrowski,* 267 Ill. 103; *Koch* v. *Streuter,* 232 Ill. 594.) Where land is conveyed in consideration of a covenant by the grantee to support the grantor, or other persons designated, the covenant runs with the land and is binding upon subsequent owners. (21 C.J.S., Covenants, sec. 73; *Gallaher* v. *Herbert,* 117 Ill. 160; *Carder* v. *Hughett,* 243 Ill. App. 170.) Here, the consideration for the deed is twice recited, "* * * for

the Consideration of One Dollar ($1.00) and love and affection and the making of the payments hereinafter specified to be made by the Grantee, * * *" and "Said Grantor, August Mathis, hereby requires of said Grantee that in partial consideration of making this conveyance that he, the said Grantee, make to Phillip J. Mathis * * * the following payments, * * *." Upon the delivery to and acceptance of the deed by the grantee, Allan Mathis, the covenant running with the land became effective, vesting an immediate interest in Phillip J. Mathis and binding the grantee as effectually as if he had signed the deed. It follows that if the payments are not made there is a partial failure of consideration. Allan Mathis assumed a personal obligation to make the designated payments. Although the right of Phillip J. Mathis to receive these payments was made a lien against the land, the deed does not purport to make the right to receive the payments personal to him.

As a general rule, all vested rights and interests owned by a decedent at the time of his death, and all contingent interests where the person is certain, are subject to descent and distribution. (26 C.J.S., Descent and Distributions, sec. 8.) Again, the heirs and devisees of a covenantee are entitled to enforce covenants running with the land, unless an evident intention is manifested to confine them to the covenantee. (21 C.J.S., Covenants, sec. 85.) In *Beebe* v. *Swartwout*, 3 Gilm. 162, a covenant for quiet enjoyment was involved. This court said, "A covenant for quiet enjoyment, is of a prospective character; it is in the nature of a real covenant, runs with the land, descends to the heirs, and vest in assignees and purchasers." In the present case, an evident intention in the deed to confine the payments to the covenantee, or third party beneficiary, Phillip J. Mathis, is lacking.

In analogous but not parallel situations, interests decidedly more uncertain and indefinite than the interest of Phillip J. Mathis have descended to the heirs of the prom-

isee, covenantee, devisee, or beneficiary. Illustrative are situations where the interest of a beneficiary in a resulting trust in lands descends to his heirs, (*Shackleford* v. *Elliott*, 209 Ill. 333,) and where the identity of an executory devisee is certain, so that upon the happening of the contingency he will take the estate and the object of the devise is fixed, the future interest descends to his heirs although he may die before the contingency happens. (*Fitzgerald* v. *Daly*, 284 Ill. 42; *Blackstone* v. *Althouse*, 278 Ill. 481.) And, although a possibility of reverter remaining in a grantor after creation of a base or determinable fee is incapable of alienation or devise, it will, nevertheless, pass by descent to the grantor's heirs. (*Regular Predestinarian Baptist Church* v. *Parker*, 373 Ill. 607. Here, the interest of Phillip J. Mathis vested in him upon delivery and acceptance of the deed by Allan Mathis. The identity of Phillip J. Mathis was certain and the object of the covenant, namely, the payment of five definite sums of money to him, at stated intervals, was fixed and specifically made a lien on the land. His interest did not terminate with his death but, instead, descended to his heirs-at-law.

Each clause of a deed and the intention of the grantor thereby reflected must be effectuated, unless contrary to some positive rule of law. (*Woods* v. *Seymour*, 350 Ill. 493; *Farmer* v. *Reed*, 335 Ill. 156.) The recitals in a deed may be referred to for the purpose of arriving at the true intention of the grantor, and his intention, as disclosed by the whole deed, governs its construction. (*Stukis* v. *Stukis*, 316 Ill. 115.) The challenged deed itself proclaims the purpose of the grantor to protect his son Phillip and, likewise, his heirs by making the payments to him a lien on the property conveyed. Two sons were the objects of August Mathis' bounty in the deed to Allan Mathis. To the latter, he conveyed an absolute estate in farm lands, subject only to the life estate reserved to himself and the lien of the payments to be made to Phillip J. Mathis. To

construe the provision made for his son Phillip as purely personal to him and expiring simultaneously with his death would be an unnatural construction, attributing unduly harsh motives to the grantor. August Mathis reserved a life estate to himself, presumably to assure an income to himself during his life. Neither Allan nor Phillip J. Mathis was to receive the benefit of the property conveyed until after the death of the grantor but both received an interest which vested when the deed was delivered and accepted. Its burdens as well as its benefits were accepted by the grantee. No language in the deed is even suggestive of an intention on the part of the grantor to give Phillip an interest contingent not only upon his surviving the grantor but, in addition, according to Allan Mathis, surviving the grantor two years.

It becomes unnecessary to consider defendants' alternative contention that evidence of circumstances attending the execution of the deed of May 10, 1928, and adverse admissions attributed to Allan Mathis by Evard Mathis and other defendants, should have been received in evidence in order to determine the intention of the grantor.

Allan Mathis makes the contention that the gift and devise in item 7 of his father's will vested the title to the residuary estate in his brother Howard and himself, not only as executors but, also, as trustees, for the purposes described, namely, "to be by them sold and converted into cash or distributed in kind as they may see fit equally between them and my said son Phillip," and that, since Phillip died before his father, his right to participate in the residuary estate, or the proceeds from the sale thereof, lapsed and did not descend to his children. Plaintiff asserts, "No devise or legacy was made to Phillip," and, from this, argues that the residuary estate was devised to Howard and himself, as trustees, and Phillip took nothing directly under the will, and "If he received anything, it would come to him not as a devise or bequest, but as a part of a

trust estate conveyed to him by the Trustees." Defendants, on the other hand, maintain that the children of Phillip J. Mathis are entitled to one third of the residuary estate which he would have received had he survived his father. Section 49 of the Probate Act (Ill. Rev. Stat. 1947, chap. 3, par, 200,) provides, "When a devise or legacy is to a descendant of the testator who dies before the testator and there is no provision in the will for that contingency, the descendants of the devisee or legatee take per stirpes the estate so devised or bequeathed * * *." The quoted statutory provision is remedial and to be liberally construed. (*Kehl* v. *Taylor*, 275 Ill. 346.) Phillip J. Mathis was one of the testator's sons and, under the plain meaning of the quoted language of the statute, the descendants of Phillip J. Mathis are entitled to the devise or legacy to him. No provisions in the will of August Mathis contemplate the contingency of the death of Allan, Howard or Phillip J. Mathis before the death of the testator and, hence, there is nothing in the will to take the provision for Phillip J. Mathis out of the statute.

The contention of Allan Mathis that item 7 creates a testatmentary trust and that, in consequence, the statute is inapplicable misses the point. Irrespective of whether a trust is involved, the statute applies for the reason that it applies to active as well as passive trusts and naked powers of sale. Unquestionably, the equitable title, irrespective of where the naked legal title was vested, is in the children of Phillip J. Mathis. (*Lash* v. *Lash*, 209 Ill. 595; *Greenough* v. *Peterson*, 266 Ill. App. 54.) Since the statute provides that Phillip's descendants take his interest under the residuary clause, the question whether Allan and Howard Mathis hold the title to the residuary estate as trustees is immaterial, the real question relating merely to procedure on the sale of the property included in the residuary clause. *Mullanny* v. *Nangle*, 212 Ill. 247.

The decree of the circuit court of Henry County, to the extent it construes the will of August Mathis, deceased, is affirmed, and, insofar as it construes the deed of May 10, 1928, from August Mathis to Allan R. Mathis, is reversed and the cause remanded, with directions to enter a decree in accordance with the views expressed in this opinion.

*Affirmed in part, and reversed in part and remanded, with directions.*