Lillian Pauline Anderson, Individually, et al., Plaintiffs, v. Lillian Pauline Anderson, Executor of Last Will and Codicil of Lillie Anderson, Deceased, et al., Defendants-Appellees; Lillian Pauline Anderson, Individually, and as Trustee Under Will and Codicil of Lillie Anderson, Deceased, et al., Appellants; Lillian Pauline Anderson, Executor of Last Will and Codicil of Lillie Anderson, Deceased, Cross-Appellant.

Gen. No. 46,642.

First District, Third Division.
May 11, 1955.
Rehearing denied June 8, 1955.
Released for publication June 8, 1955.

G. A. Buresh, of Chicago, for appellants; Arthur H. Schwab, of Chicago, for cross-appellant.

Gregory A. Gelderman, of Chicago, as guardian ad litem for David Howard Bernhagen and Lynn Valerie Bernhagen, minor defendants and appellees; Samuel G. Rautbord, and Irwin S. Baskes, both of Chicago, for appellee Howard A. Bernhagen, guardian of estates of David Howard Bernhagen and Lynn Valerie Bernhagen, minors.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a suit by plaintiff, individually and as testamentary trustee, for construction of a will. On motions of the Guardian of the Probate Court estate of the minor defendants and of their guardian ad litem, the Chancellor dismissed the suit for want of equity. Plaintiff, individually and as trustee, appealed to the Supreme Court on constitutional grounds and as defendant executrix filed a cross-appeal. The Supreme Court transferred the case to this court.

The motions to dismiss admitted the facts well pleaded: Lillie Anderson died October 23rd, 1951 leaving as her heirs at law plaintiff, her daughter, and her grandchildren, David and Lynn Bernhagen, defendant minors. The mother of the minors was Carmen Anderson Bernhagen, also a daughter of the testatrix, who died before testatrix. In her will testatrix provided that the executrix should pay "out of the residuary estate all succession, inheritance and state taxes." She bequeathed to her daughters Lillian and Carmen equally her household personalty. "All the rest *residue* and remainder of my estate" she devised and bequeathed one-half to plaintiff, one-fourth to Carmen Bernhagen, and one-fourth in trust for the grandchildren David and Lynn Bernhagen. Carmen Bernhagen was named trustee and plaintiff successor trustee. Dr. Carl Shipley was named executor but subsequently this nomination was revoked and plaintiff

110

was named executrix. The value of the estate exceeds $200,000 consisting principally of securities.

The theory of plaintiff's complaint is that since Carmen Bernhagen died before testatrix and no provision was made for that event, the one-fourth bequeathed her "dropped out of the bequests" and became the residuary estate subject to the payment of more than $60,000 taxes and more than $11,000 expenses. She alleged that the word "residue" in the will gave "color" to the claim that the taxes and expenses should be paid from all the assets before distribution.

Lillian Anderson as executrix answered and sought protection of the Chancellor in making distribution. The motions to dismiss stated that there was no ambiguity shown by the complaint and no showing to take this case from the application of Section 49 of the Probate Act, Ill. Rev. Stat. 1953, Chap. 3, § 200 [Jones Ill. Stats. Ann. 110.297], and the substitution of the minors for the interest of Carmen Bernhagen.

The Chancellor found no ambiguity, and that the minors were substituted for their mother to receive one-fourth of her estate.

The transfer of the case to this court disposes of the constitutional questions.

The principal question before us is whether the complaint stated a cause of action justifying the Chancellor's denial of equitable jurisdiction to construe the will.

█ The "just rule" in construing Section 11 of the Descent Act of 1872 was that even "where it may be doubted, from all the language of the will, whether the testator, in fact, intended to cut off the natural objects of his bounty, then, in order to take the will from under the statute, the will must specifically show that the testator had in mind and was providing for the contingency of the death of one of his children during his life." Schneller v. Schneller, 356 Ill. 89, 100. That

section was substantially re-enacted as Section 49 of the Probate Act and is "sometimes called an anti-lapse statute, enacted for the purpose of preventing property becoming intestate property through lapse of a legacy to a descendant of the testator who predeceases him." In re Estate of Harmount, 336 Ill. App. 322, 332 (concurring opinion). See also Pirrung v. Pirrung, 228 Ill. 441. Section 49 is remedial and should be construed liberally. Mathis v. Mathis, 402 Ill. 60.

We are of the opinion that it is plain from the will that no provision was made for the contingency of Carmen Bernhagen's death before the death of the testatrix.

There was therefore no reason for construction of the will. We think the court did not err in deciding that, under the unambiguous language of the will and the allegations of fact in the complaint the minor defendants were clearly substituted to the one-fourth interest of Carmen Bernhagen. Schneller v. Schneller, supra. The decree is not erroneous for dismissing the complaint for want of equity and then construing the will as in cases cited by plaintiff. The decree stated the Chancellor's "opinion" that there was no ambiguity and that the minors were substituted to the mother's interest. The "opinion" amounted to findings which were the basis for dismissal. The finding as to substitution of the minors was in effect a further finding that there was no uncertainty.

In view of our conclusion on the principal question, we see no merit in plaintiff's contention that this one-fourth interest lapsed into a residual estate subject to the payment of all estate taxes and expenses. The case of McLeod v. Andrews, 303 Ky. 46, cited by plaintiff, is not applicable since the question and statute there are not similar to those here.

The guardian ad litem was appointed on plaintiff's motion. After he filed the motion to dismiss, plaintiff

■■■

filed a motion for appointment of an additional guardian ad litem. She stated in the motion that there were adverse interests of the minors involved because if plaintiff's theory was sustained the one-fourth interest bequeathed to Carmen Bernhagen would be subject to payment of all the taxes and on the other hand if the guardian ad litem's theory was sustained the one-fourth trust interests of the minors would be lessened. The motion was denied and plaintiff contends there was error.

■■ If plaintiff, the trustee of the minors, prevails the result would be that she as an individual would receive her one-half interest free of taxes and the interest of the minors in their mother's share would be burdened with all the taxes and expenses. Even if the Chancellor appointed an additional guardian ad litem this would not remove whatever adversity, if any, there was between the minors' interests. We think it is clear that any guardian ad litem with the interests of the children at heart would make the motion to dismiss on the same grounds as the motions here. The goal would be to legally burden the plaintiff's one-half share with its proportion of the taxes and expenses and save the children's interest within legal limits consistent with the testator's intention.

We see no reason to comment on the cases cited to this contention by plaintiff which involve guardians representing conflicting interests of different persons. The situation before us is novel as to the minors since there is an apparent conflict of interest but whichever way the case is decided one interest suffers. This is not to say there is a conflict of one minor's interest with that of the other minor. The two minors stand together on both sides if there are two sides. The minors suffer more, however, in view of the application of Section 49, if plaintiff's theory is sustained because in that event the one-fourth bequest to their

113

mother would be virtually exhausted. We think there has been no abuse of discretion shown which would render denial of plaintiff's motion reversible error.

There was no need for the Chancellor to hear evidence to justify the decree entered, if the record before him disclosed want of equity. The motion to dismiss admitted the facts well pleaded by plaintiffs for the purpose of testing the complaint to the end of protecting the greater interests of the minors. There is of course no showing that this in any way prejudiced the minors.

There is no basis for applying Section 47 of the Probate Act. Ill. Rev. Stat. 1953, Chap. 3, § 198 [Jones Ill. Stats. Ann. 110.295]. That section has to do with additions to wills and alterations, substitutions of parts of wills and how they are made effective.

Plaintiff's status as trustee does not justify equitable jurisdiction in absence of ambiguity or doubt in the will.

We have considered all points properly before us and are of the opinion that the decree of the Chancellor was correct. This conclusion disposes of the plaintiff's cross-appeal as executrix. Her brief in this capacity relied on points raised by her appeal as an individual and as trustee.

The decree is affirmed.

Decree affirmed.

LEWE and FEINBERG, JJ., concur.