Theresa Kellner, et al., Plaintiffs-Appellants, v. First Trust & Savings Bank of Kankakee, Kankakee, Illinois, et al., Defendants-Appellees.

Gen. No. 11,711.

Second District, First Division.

April 19, 1963.

Bissonnette and Nutting, by Maynard R. Bissonnette, of Kankakee, for appellants.

Frank W. Curran, of Kankakee, for appellees.

McNEAL, P. J.

This appeal involves the construction of a will.

The will in question was executed by Julia Surpernant on November 9, 1950. The fourth and thirteenth clauses of her will read as follows:

"Fourth: I hereby direct my executors to distribute my bonds to my children, each of them receiving the bonds in which he or she is named as co-owner with myself."

"Thirteenth: All the rest, residue and remainder of my estate not otherwise specifically herein devised, bequeathed or covered by direction, I give, devise and bequeath to my children in equal shares."

Julia Surpernant's daughter, Genevieve Gulczynski, died on May 7, 1958, and Julia Surpernant died on April 23, 1960. Included among the assets of testator's estate were twelve United States Savings Bonds in the amount of $8,600, four being in the names of Julia Surpernant p. o. d. Genevieve Gulczynski, and eight being in the names of Julia Surpernant or Genevieve Gulcznyski. The bonds were issued on various dates between October 1, 1943 and April 1, 1954.

This action was commenced by the children of Genevieve Gulczynski, who claim that they are entitled to the bonds under the fourth paragraph of the will and under section 49 of the Probate Act (Ill Rev Stats 1961, c 3, § 49). Section 49 reads in part as follows:

"When a devise or legacy is to a descendant of the testator who dies before the testator and there is no provision in the will for that contingency, the descendants of the devisee or legatee take per stirpes the estate so devised or bequeathed. . . ."

The defendants, who include the surviving children of Julia Surpernant, claim that they are entitled to the bonds under the thirteenth paragraph of the will and under section 2 of "An Act to revise the law in

372

relation to joint rights and obligations," approved June 30, 1919, as amended (Ill Rev Stats 1961, c 76, § 2). Section 2 reads in part as follows:

> ". . . any nontransferable United States Savings Bond . . . made payable to a designated person and upon his death to another person therein named shall, upon the death of the designated person, if such bond or other obligation is then outstanding, become the property of and be payable to the other person therein named. If any such nontransferable bond . . . be made payable to two persons, in the alternative, such bond or other obligation shall, upon the death of either person, if such bond or other obligation is then outstanding, become the property of and be payable to the survivor of them."

The circuit court entered judgment for the defendants, and the children of Genevieve Gulczynski perfected this appeal.

In Mathis v. Mathis, 402 Ill 60, 83 NE2d 270, the testator provided that his executors should sell or distribute the residue of his property as they might see fit equally between themselves and testator's son Phillip. Phillip predeceased the testator. In holding that Phillip's children took his share, the Supreme Court pointed out that section 49 of the Probate Act is "remedial and to be liberally construed." To the same effect see Anderson v. Anderson, 6 Ill App2d 108, 112, 126 NE2d 726, app denied 10 Ill App2d vi. The Supreme Court has also held that the anti-lapse statute applies unless a contrary intent is clearly apparent. Schneller v. Schneller, 356 Ill 89, 92 et seq., 190 NE 121.

In Myers v. Hardin, 208 Ark 505, 186 SW2d 925, testator's estate included a number of United States government bonds payable on testator's death to various beneficiaries. The court held that as to the benefi-

ciaries who survived testator, the bonds were payable to said beneficiaries, but as to the beneficiaries who predeceased testator, said bonds went into testator's estate and were controlled by the provisions of testator's will, which included provisions covering lapse. ▉ ▉ In the case at bar, the bonds became the sole property of Julia Surpernant upon the death of her daughter, Genevieve Gulczynski, under Ill Rev Stats 1961, c 76, § 2. However, neither this statute nor any other authority called to our attention had the effect of preventing Julia Surpernant from making a bequest of the bonds in her will. She did bequeath the bonds to her daughter and, since her daughter predeceased her, the bonds rightfully belong to her daughter's children under the provisions of Section 49 of the Probate Act.

Accordingly it is our conclusion that the judgment of the Circuit Court of Kankakee County should be and it hereby is reversed, and this cause is remanded with directions to enter judgment for the plaintiffs.

Reversed and remanded.

DOVE and SMITH, JJ., concur.